IN THE SUPERIOR COURT



**FILED**
July 11, 2022 11:46 AM
SX-2019-CV-00228
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| THELMA BATTISTE AND CHARLES HAYNES,<br><br>PLAINTIFFS,<br><br>V.<br><br>AUCTION.COM, DITECH FINANCIAL LLC A/K/A GREENTREE SERVICING, AND FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>DEFENDANTS. | Civil No. SX-2019-CV-228<br><br>CITE AS: 2022 VI SUPER 65 |

**Appearances:**

**Atiim Dia Abraham, Esq.**
Law Office of Atiim Dia Abraham, LLC
St. Thomas, U.S. Virgin Islands
*For Plaintiffs*

**Matthew R. Reinhardt, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
Orlando, Florida
*For Defendant Federal National
Mortgage Association*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** is before the Court *sua sponte* for review.

### BACKGROUND

¶ 2    On May 21, 2019, Plaintiff Thelma Battiste and Plaintiff Charles Haynes (collectively, hereinafter "Plaintiffs") filed a complaint against Defendant Auction.com, Defendant Ditech Financial LLC a/k/a Greentree Servicing (hereinafter "Ditech"), and Defendant Federal National Mortgage Association (hereinafter "FNMA" and together with Defendant Auction.com and Defendant Ditech, "Defendants"). According to the proofs of service filed, Defendants were served.

¶ 3    On June 20, 2019, Defendant Ditech and Defendant FNMA filed a joint answer in response to the complaint and a copy of Defendant Ditech's notice of bankruptcy filing and imposition of automatic stay.

¶ 4    On November 4, 2020, the Court entered an order whereby the Court, inter alia, denied Defendant Ditech and Defendant FNMA's motion to dismiss for lack of prosecution and ordered that any pending claims against Defendant Ditech to be automatically stayed.

¶ 5     On November 19, 2020, Plaintiffs and Defendant FNMA filed a proposed stipulated scheduling order which was subsequently approved and accepted as the scheduling order in this matter in an order entered on December 4, 2020.

¶ 6     On February 25, 2021, Defendant Ditech filed a motion to dismiss for lack of subject matter jurisdiction which was subsequently granted by the Court and Defendant Ditech was dismissed without prejudice in an order entered on June 25, 2021.

¶ 7     In March 2021, Defendant FNMA propound its first set of interrogatories and first request for production of documents to Plaintiffs. On July 28, 2021, Defendant FNMA filed a motion to compel discovery responses. On November 30, 2021, Defendant FNMA filed a motion for sanctions and attorney's fees.

¶ 8     On May 5, 2022, the parties appeared for a status conference. Yohana M. Manning, Esq. appeared for Plaintiffs and Matthew Robert Reinhardt, Esq. appeared for Defendant FNMA. After being advised of the status, the Court ordered Plaintiffs to file a response to Defendant FNMA's motions and advised Plaintiffs that failure to comply may result in the dismissal of this matter.

¶ 9     On May 20, 2022, Yohana M. Manning, Esq. and Atiim Dia Abraham, Esq. filed a stipulation for the substitution of Atiim Dia Abraham, Esq. for Yohana M. Manning, Esq. as the counsel of record for Plaintiffs.

¶ 10     On June 9, 2022, the Court entered an order whereby the Court ordered, inter alia, "that, within fifteen (15) days from the date of entry of this Order, Plaintiffs shall file a response to Defendant FNMA's July 28, 2021 motion to compel discovery responses and Defendant FNMA's November 30, 2021 motion for sanctions and attorney's fees," that "[f]ailure to comply may result in sanctions, including the dismissal of this matter," and that "Plaintiffs are hereby notified that once the fifteen-day period has expired, the Court will rule on Defendant FNMA pending motions regardless of whether [Plaintiffs] filed a response thereto."[1] (June 9, 2022 Order.) The fifteen-day

---

[1] In the June 9, 2022 order, the Court explained:

> As noted above, Defendant FNMA's July 28, 2021 motion to compel discovery responses and Defendant FNMA's November 30, 2021 motion for sanctions and attorney's fees are currently pending. At the May 5, 2022 status conference, the Court the Court ordered Plaintiffs to file a response to Defendant FNMA's motions within thirty days. The thirty-day period has since passed and as of the date of this Order, Plaintiffs have not filed a response to Defendant's FNMA's motions. However, given that Atiim Dia Abraham, Esq. substituted in as the counsel of record for Plaintiffs after the May 5, 2022 status conference and said order was never reduced to writing, it is unclear whether Atiim Dia Abraham, Esq. was aware of this deadline. As such, the Court will sua sponte grant additional time for Plaintiffs to respond to Defendant FNMA's motions.

period has since passed, and as of the date of this order, Plaintiffs have not filed their responses to Defendant FNMA's pending motions.

¶ 11    On July 6, 2022, Plaintiffs filed a notice of service of Plaintiffs' responses to Defendant FNMA's discovery requests.

## DISCUSSION

¶ 12    Defendant FNMA's July 28, 2021 motion to compel discovery responses and Defendant FNMA's November 30, 2021 motion for sanctions and attorney's fees are both pending. In its November 30, 2021 motion, Defendant FNMA moved for the sanction of dismissal. Thus, the Court will rule on this motion first since it may moot the other pending motion.

**I.    Defendant FNMA's November 30, 2021 Motion for Sanctions and Attorney's Fees**

¶ 13    In its motion, Defendant FNMA argued that "[g]iven Plaintiffs' blatant disregard for the authority of this Court and their responsibilities of discovery under the rules, dismissal of Plaintiffs' Complaint is appropriate, and an entry of an award for all of Fannie Mae's attorneys' fees accrued to date is warranted" but "[i]n the event the Court does not believe dismissal is appropriate, the Court should alternatively find that Plaintiffs are prohibited from supporting their designated claims, opposing [Defendant FNMA's] defenses, or introducing matters in evidence [and] enter an award of reasonable attorneys' fees to [Defendant FNMA] for costs incurred as a result of Plaintiffs' blatant refusal to comply with the Court's Rules and their discovery obligations." (Motion 5.) Defendant FNMA made the following assertions in support of its argument: (i) "Throughout the course of this litigation, Plaintiffs have inexplicably failed to comply with their discovery obligations." (Id., at 1); (ii) "In violation of the Court's December 3, 2020 Scheduling Order, Plaintiffs have neither served initial disclosures pursuant to V.I.R.CIV.P. 26(a)(1) nor provided responses to Fannie Mae's discovery requests" and "[d]espite numerous good faith attempts by [Defendant FNMA] to resolve Plaintiffs' noncompliance, Plaintiffs remain in violation of the Court's Scheduling Order and obligations under the Court's Rules." (Id.); (iii) Defendant FNMA filed a motion to compel which Plaintiffs did not oppose. (Id., at 3); (iv) "To date, Plaintiffs have neglected to prosecute their claims and have inexplicably refused to participate in discovery, respond to discovery requests, or serve initial disclosures as required by the Court's Rules and Scheduling Order." (Id., at 4); (v) "The Court may also order additional

sanctions for failure to serve initial disclosures or failure to respond to written discovery demands, including any of the orders listed in Rules 37(b)(2)(A)(i)-(vi), 37(c)(1)(C), and 37(d)(3)"—which includes "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." (Id., at 4-5); (vi) "For nearly three years, Plaintiffs have done nothing to prosecute their claims or further this litigation." (Id., at 5); (vii) "Plaintiffs' inexcusable neglect is unduly prejudicial." (Id.); and (viii) "Plaintiffs' failure to provide discovery has effectively limited [Defendant FNMA] ability to defend against the claims alleged in their Complaint." (Id.)

### A. Standard of Review

¶ 14    Rule 37 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 37") provides that "[i]f a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders [and] …may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." V.I. R. Civ. P. 37(b)(2)(A). Rule 37 further provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." V.I. R. Civ. P. 37(b)(2)(C).

### B. Analysis regarding Sanctions under Rule 37(b)(2)(A)

¶ 15    Here, Plaintiffs did not dispute—since they did not file an opposition to Defendant FNMA's motion—that they have failed to obey the scheduling order and provide discovery responses by the deadlines set forth therein.[2] Thus, the Court has discretion to impose sanctions

---

[2] The Court acknowledges that on July 6, 2022, Plaintiffs filed a notice advising the Court that Plaintiffs have filed their responses to Defendant FNMA's discovery responses on July 5, 2022. However, the Court finds this action too little too late, and does not negate Plaintiffs' continuous disregard of the deadlines set forth in the scheduling order and the Court's verbal order at the May 5, 2022 status conference and the June 9, 2022 order ordering Plaintiffs to file a response to Defendant FNMA's July 28, 2021 motion to compel discovery responses and Defendant FNMA's

upon Plaintiffs pursuant to Rule 37(b), including the discretion to dismiss this action as requested by Defendant FNMA. *See* V.I. R. Civ. P. 37(b)(2)(A). However, before the Court imposes the admittedly harsh sanction of dismissal for noncompliance with discovery, the Court will consider the six *Poulis* factors.[3]

¶ 16     In *Halliday v. Footlocker Specialty, Inc.*, the Virgin Islands Supreme Court adopted the six *Poulis* factors and held that "the Superior Court may not dismiss an action for failure to prosecute unless these six [*Poulis*] factors strongly weigh in favor of dismissal as a sanction." 53 V.I. 505, 511 (V.I. 2010). The six *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
>
> *Molloy v. Independent Blue Cross*, 56 V.I. 155, 185-86 (V.I. 2012) (quoting *Poulis*, 747 F.2d at 868).

In *Molloy*, the Virgin Islands Supreme Court instructed that "[a]lthough a trial court is not required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court must explicitly consider all six factors, balance them, and make express findings." 56 V.I. 155, 186 (V.I. 2012) (citations omitted). In other words, "the 'extreme' sanction of dismissal is reserved for instances in which 'a trial court makes appropriate findings to all six factors'" and "[w]ithout them, the drastic sanction of dismissal 'cannot be warranted.'" *Id.* (citations omitted).

---

November 30, 2021 motion for sanctions and attorney's fees. In fact, in their notice, Plaintiffs did not even bother to explain why it took Plaintiffs over a year to provide the discovery responses to Defendant FNMA or ask for an extension of the discovery deadlines.

[3] *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The Court is cognizant that the Virgin Islands Supreme Court has only addressed the use of the *Poulis* factors in cases involving involuntary dismissal as a sanction for failure to prosecute. *See Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505 (V.I. 2010); *Molloy v. Independent Blue Cross*, 56 V.I. 155 (V.I. 2012). In *Halliday*, the Virgin Islands Supreme Court indicated that they "agree[d] with the Third Circuit that an appellate court possesses an obligation to assure that the extreme sanction of dismissal or default is reserved for the instances in which it is justly merited," and thus concluded that "dismissal as a sanction for failure to prosecute cannot be warranted unless a trial court makes appropriate findings with respect to all six factors and concludes that, on balance, dismissal is warranted." 53 V.I. at 511 (internal quotation marks omitted). Thus, the Court finds that, regardless of whether the sanction of dismissal is for noncompliance with discovery or for failure to prosecute, the Court has the same obligation to assure that the extreme sanction of dismissal is reserved for the instances in which it is justly merited by making appropriate findings with respect to all six *Poulis* factors.

### 1. Thelma Battiste and Charles Haynes' Personal Responsibility

¶ 17    Here, Thelma Battiste and Charles Haynes are represented by counsel. This factor focuses on whether it was the clients—Thelma Battiste and Charles Haynes—or their attorney who is responsible for noncompliance with discovery. Here, there is no direct evidence that Thelma Battiste and Charles Haynes themselves were responsible for the noncompliance with discovery. In fact, there is no indication that they were even aware of the disclosures and discovery requirements. As such, this factor weighs against dismissal.

### 2. Prejudice to the Adversary

¶ 18    In *Molloy*, the Virgin Islands Supreme Court stated that "[p]rejudice to the opposing party is generally demonstrated by either increased expense to the opposing party arising from the extra costs associated with filings responding to dilatory behavior or increased difficulty in the opposing parties' ability to present or defend their claim(s) due to the improper behavior." 56 V.I. at 189 (*citing Poulis*, 747 F.2d at 868). According to Defendant FNMA, Plaintiffs still have not served their initial disclosures. While it is true that Plaintiffs recently provided the discovery responses, it was provided over a year after Defendant FNMA propounded the discovery requests. With the passage of time, evidence could be lost, memories could fade, and witnesses could disappear or become unavailable. As with any case, a lengthy delay will certainly make it more difficult for the defendant to defend against the claims. In fact, Defendant FNMA pointed out in their motion that "Plaintiffs' failure to provide discovery has effectively limited its ability to defend against the claims alleged in their Complaint." (Motion 5.) As such, this factor weighs in favor of dismissal.

### 3. A History of Dilatoriness

¶ 19    A history of dilatoriness is characterized by a consistent delay by the plaintiff's counsel. *Gilbert v. Gilbert*, 2017 V.I. LEXIS 143, at \*8 (Super. Ct. Sep. 11, 2017) (citing *Poulis*, 747 F.2d at 868). A review of the file and the docket revealed that Plaintiffs have been dilatory in the discovery process—to wit, (i) Plaintiffs have not served their initial disclosures; (ii) it took Plaintiffs over a year to provide responses to Defendant FNMA's discovery requests; (iii) Plaintiffs' have not complied with deadlines set forth in the scheduling order; (iv) Plaintiffs failed to comply with the Court's verbal order at the May 5, 2022 status conference and the June 9, 2022 order ordering Plaintiffs to file a response to Defendant FNMA's July 28, 2021 motion to compel

discovery responses and Defendant FNMA's November 30, 2021 motion for sanctions and attorney's fees. As such, this factor weighs strongly in favor of dismissal.

### 4. Offending Party/Attorney's Conduct Willful or in Bad Faith

¶ 20    In *Molloy*, the Supreme Court stated that "the trial court must point to specific evidence to justify its determination of willfulness or bad faith." 56 V.I. at 192. Thus, if there is no evidence of willfulness or bad faith on the record, the Court must presume the party/attorney's conduct was not willful or in bad faith. *Id.* Here, Plaintiffs repeatedly failed to comply with the Court's orders— to wit, the deadlines set forth in the scheduling order and the Court's verbal order at the May 5, 2022 status conference and the June 9, 2022 order ordering Plaintiffs to file a response to Defendant FNMA's July 28, 2021 motion to compel discovery responses and Defendant FNMA's November 30, 2021 motion for sanctions and attorney's fees. Accordingly, there is specific evidence to justify a determination that Plaintiffs' conduct was willful or in bad faith. As such, this factor weighs in favor of dismissal.

### 5. Effectiveness of Alternate Sanctions

¶ 21    Courts must look to other appropriate methods of sanctioning before dismissal for failure to prosecute because "[d]ismissal must be a sanction of last, not first, resort." *Gilbert*, 2017 V.I. LEXIS 143 at *10 (citing *Poulis*, 747 F.2d at 869). Here, some alternate sanctions include excluding evidence, precluding witnesses, striking portions of the pleadings, or imposing monetary sanctions. *See Id.* However, none of these alternatives are appropriate here because in taking everything into consideration—such as the fact that Plaintiffs have made zero effort to comply with the deadlines set forth in the scheduling order and Plaintiffs' repeated disobedience of the Court's orders—the Court finds that there lacks a clear interest on Plaintiffs' part to pursue this matter. As such, this factor weighs in favor of dismissal.

### 6. Meritoriousness of the Claim

¶ 22    "In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *See Gilbert*, 2017 V.I. LEXIS 143 at *10 (quoting *Poulis*, 747 F.2d at 869-70). In their complaint, Plaintiffs did not set forth any counts designating specific causes of action as required under Rule 8 of the Virgin Islands Rules of Civil

Procedure.[4] While it appears that Plaintiffs alleged an unjust enrichment cause of action against Defendant FNMA,[5] it is unclear which facts are applicable thereto. Plaintiffs cannot and should not expect the Court to parse through Plaintiffs' allegation and decipher which facts satisfy the elements of their claim. The Court cannot do Plaintiffs' job for them. *Cf. Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). As such, this factor weighs in favor of dismissal.

¶ 23    Having examined the six *Poulis* factors regarding the dismissal of this matter for noncompliance with discovery, the Court finds that one factor weighs against dismissal and five

---

[4] The Virgin Islands Rules of Civil Procedures went into effect on March 31, 2017.

[5] In their complaint, Plaintiffs alleged:

1.  Plaintiffs are senior citizens and residents of St. Croix, US Virgin Islands.
2.  Defendant AUCTION.COM is a California Corporation doing business in the Virgin Islands.
3.  Defendant Ditech Financial LLC A/K/A Greentree Servicing is a bankruptcy mortgage servicer that has been cited for unscrupulous mortgage practices.
4.  Defendant Fannie Mae (hereinafter "FNMA" is a federally chartered corporation that participates in the secondary mortgage market. By statute, FNMA has the power "to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. S 1723(a)(a). The U.S. Supreme Court has held that federal courts do not have exclusive subject matter jurisdiction over suits involving FNMA. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 561 (2017).
5.  The Plaintiffs are the record owners of
    Plot No 8-M Estate Clifton Hill, King Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.232 U.S. acre, more or less, as more fully shown on O.L.G. Drawing No. 3150 dated August 22, 1973. ("Property").
6.  Plaintiff Thelma Battiste is a retiree from the Virgin Islands Department of Education having worked for the Virgin Islands Government for forty-five years (45) years [sic].
7.  For almost one year the Plaintiff was not receiving a retirement check and therefore the Plaintiff was in arrears.
8.  When Plaintiff started receiving her retirement check, she sent a check to counsel for Flagstar bank, who refused to accept the check unless his fees were covered. Ms. Battiste attempted to pay his fees in two installments and he refused.
9.  Nevertheless, Plaintiffs obtained a modification and became current on her payments. In the meantime, FNMA assumed the mortgage and Plaintiff thereafter began paying Ditech.
10. As a result of damage caused by the Hurricane, Plaintiff received an insurance check for $73,581 jointly in the name of Greentree Servicing and the Plaintiffs. The check was received in June 2018.
11. Plaintiff conducted an extraordinary amount of work to the residence to make it habitable.
12. On July 16, 2018, Plaintiffs endorsed the check transmitted the check to Greentree and explained that the repair to the residence would only require $23,581 83 and to credit the remainder to the mortgage, to bring said mortgage current.
13. Instead, Greentree forwarded the entire amount to FNMA and thereafter provided no credit to the Plaintiffs.
14. In August 2018, the sale of Plaintiff's home to Greentree was confirmed.
15. FNMA contracted with AUCTION.COM to sell the subject property.
16. Plaintiffs not wanting to lose their home supplied the winning bid of $98,888.
17. Plaintiffs are therefore seeking a setoff of $73,581.83 against the winning bid of the subject property.
18. Moreover, Defendant FNMA has been unjustly enriched.

(Compl.)

factors weigh in favor of dismissal (with one factor—a history of dilatoriness—weighing strongly in favor). In this instance, the Court finds the extreme sanction of dismissal is warranted. *See Molloy*, 56 V.I. at 186 ("Although a trial court is not required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court must explicitly consider all six factors, balance them, and make express findings.").

### C. Analysis regarding Attorney's Fees under Rule 37(b)(2)(C)

¶ 24    Here, Plaintiffs did not indicate—since they did not file an opposition to Defendant FNMA's motion—that the failure for their noncompliance with discovery was substantially justified or that other circumstances would make an award of expenses unjust. As noted above, under Rule 37, "[i]nstead of or in addition to the orders above, the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." V.I. R. Civ. P. 37(b)(2)(C) (emphasis added). Thus, the Court will award reasonable expenses, including attorney's fees, that Defendant FNMA incurred in connection with their July 28, 2021 motion to compel discovery responses and November 30, 2021 motion for sanctions and attorney's fees, which were filed due to Plaintiffs' noncompliance with discovery. Since the Court already determined above that there is no direct evidence that Thelma Battiste and Charles Haynes themselves were responsible for the noncompliance with discovery, the Court will order the attorney advising Plaintiffs to personally for the expenses. Although Atiim Dia Abraham, Esq. is the current counsel of record for Plaintiffs, he did not substitute in for Yohana M. Manning, Esq. until May 20, 2022, so Yohana M. Manning, Esq., the former counsel of record was mainly responsible for the noncompliance with discovery. As such, the Court will order Yohana M. Manning, Esq. to personally pay for the expenses.

### II.    Defendant FNMA's July 28, 2021 Motion to Compel Discovery Responses

¶ 25    In light of the Court's finding above, Defendant FNMA's July 28, 2021 motion to compel is mooted.

### CONCLUSION

¶ 26    Based on the foregoing, the Court will grant in the entirety Defendant FNMA's November 30, 2021 motion for sanctions and for attorney's fees, dismiss this matter without prejudice for Plaitniffs' noncompliance with discovery, order Yohana M. Manning, Esq. to pay reasonable

expenses, including attorney's fees, and close this matter since there are no other pending issues.[6] Accordingly, it is hereby:

**ORDERED** that Defendant FNMA's July 28, 2021 motion to compel is **DENIED AS MOOT**. It is further:

**ORDERED** that Defendant FNMA's November 30, 2021 motion for sanctions and attorney's fees is **GRANTED** in the entirety. It is further:

**ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Defendant FNMA shall file a notice describing the reasonable expenses, including attorney's fees, that Defendant FNMA incurred in connection with their July 28, 2021 motion to compel discovery responses and November 30, 2021 motion for sanctions and attorney's fees, and including all supporting documents, and **Yohana M. Manning, Esq.** shall **PAY** Defendant FNMA for such expenses **within thirty (30) days from the date the notice is filed**. It is further:

**ORDERED** that this matter is **CLOSED. And** it is further:

**ORDERED** that a copy of this Memorandum Opinion and Order is served on **Yohana M. Manning, Esq.** via electronically.

**DONE and so ORDERED this** _____ **day of July 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor
Dated: _____

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

---

[6] In an order entered contemporaneously with this Memorandum Opinion and Order, Plaintiffs' claim(s) against Defendant Auction.com were dismissed without prejudice.