IN THE SUPERIOR COURT



**FILED**

October 02, 2023 04:30 PM
SX-2013-CV-00216
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| JOSE L. BELARDO, | Civil Case No. SX-2013-CV-216 |
| PLAINTIFF/COUNTER-DEFENDANT, | |
| v. | CITE AS: 2023 VI SUPER 59 |
| TITUS E. ALBERT, | |
| DEFENDANT/COUNTER-PLAINTIFF. | |

Appearances:

Mark L. Milligan, Esq.
Mark L. Milligan, P.C.
St. Croix, U.S. Virgin Islands
*For Plaintiff/Counter-Defendant*

Eszart Wynter, Sr., Esq.
Law Officers of Eszart A. Wynter, Sr., P.C.
St. Croix, U.S. Virgin Islands
*For Defendant/Counter-Plaintiff*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Administrative Judge**

¶ 1    **THIS MATTER** is before the Court for review *sua sponte*.

### BACKGROUND[1]

¶ 2    On June 26, 2013, Plaintiff Jose L. Belardo, Sr. (hereinafter "Belardo") filed a complaint against Defendant Titus E. Albert (hereinafter "Albert") in an action to quiet title of certain real property located at Plot No. 5 CB, The Whim Estates, West End Quarter, Frederiksted, St. Croix, VI, consisting of 0.294 US acres, as more fully shown on OLG Drawing No. 4582, dated October 18, 1989 (hereinafter "Property"). In his complaint, Belardo alleged the following counts: Count One-"Fraud-Cancellation of Instrument"; Count Two-"Unjust Enrichment"; Count Three-"Recovery of Real Property," Count Four-"Damages-Lost Rentals," and Count Five[2]-"Punitive Damages." (Compl.) On August 9, 2013, Albert filed a single document that included his answer

---

[1] This matter was initially assigned to the Honorable Darryl D. Donohue, Sr. On October 21, 2013, this matter was reassigned to the Honorable Robert A. Molloy. On November 9, 2018, this matter was reassigned to the Honorable Jomo O. Meade. On December 20, 2021, this matter was reassigned to the Undersigned.

[2] Belardo inadvertently labeled this as a second Count Four.

to the complaint, his counterclaims against Belardo, and a third-party complaint against Third-Party Defendant Hilda Phillips a/k/a Hilda Allen (hereinafter "Allen") and Third-Party Defendant Fitzroy Brann (hereinafter "Brann" and together with Allen, "Third-Party Defendants"), and stated "jury trial demanded." On August 15, 2013, Albert filed a jury demand. On September 6, 2013, Belardo filed his answer to Albert's counterclaims.

¶ 3      On September 23, 2013, Albert filed proof of service for Allen showing that Allen was served on August 23, 2013 on St. Croix, U.S. Virgin Islands. On December 31, 2013, the Court entered an order whereby the Court granted Albert's motion to serve Brann by publication. On April 3, 2014, Albert filed proof of publication for Brann. On June 23, 2015, per Albert's request, default was entered against Brann.

¶ 4      On June 29, 2016, Belardo filed a motion for partial summary judgment. In response, Albert filed an opposition thereto. On September 21, 2018, Belardo filed a request for a hearing and dispositive ruling on his motion for partial summary judgment. On January 17, 2020, Belardo filed a second renewed motion for a hearing and dispositive ruling on his motion for partial summary judgment. On February 19, 2021, Belardo filed a third renewed motion for a hearing and dispositive ruling on his motion for partial summary judgment. On February 9, 2023, Belardo filed a fourth[3] renewed motion for a hearing and dispositive ruling on his motion for partial summary judgment.

¶ 5      On July 27, 2023, the Belardo and Albert appeared via counsel for a status conference. At the status conference, Belardo and Albert advised the Court that Belardo's motion for partial

---

[3] Belardo inadvertently labeled this as the third renewed motion.

summary judgment is still pending and that they both waived the demand for a jury trial and opted

for a bench trial, and in turn, the Court scheduled the bench trial to commence on October 4, 2023.

## DISCUSSION

¶ 6     The Court will address the outstanding issues in turn.

### I.     Third-Party Defendants

¶ 7     Albert's third-party claims against Third-Party Defendants have been pending since 2013

with minimal movement since they were served—Allen was served in August 2013 and Brann

was served in April 2014—and default was entered against Brann in 2015 but no entry of default

was ever requested as to Allen. Despite Third-Party Defendants' failure to plead or otherwise

defend, Albert failed to prosecute and move for default judgment. Virgin Islands courts have the

inherent authority to manage the cases on their dockets. *See In re Christopher*, 2023 VI 9, ¶ 12

(V.I. 2023) ("In such cases, it has been asserted that the adoption of these provisions by the

Legislature violates the separation of powers principles codified in the Revised Organic Act by

infringing upon the inherent authority of the courts of the Virgin Islands to manage the cases on

their dockets."); *Gerace v. Mosler*, 76 V.I. 195, 199 (V.I. Super. Ct. April 26, 2022) ("Virgin

Islands courts have the inherent authority to economically manage their dockets to best promote

the fair and efficient resolution of the dispute between the parties.") (collecting cases). At this

juncture, pursuant to such inherent authority, the Court will consider the six *Poulis*[4] factors and

determine whether dismissal for failure to prosecute is warranted in this instance.[5]

---

[4] *Poulis v. State Farm Fire & Cas Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

[5] Rule 41 of the Virgin Islands Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." V.I. R. Civ. P. 41(b). In this instance, the third-party defendants have not appeared, and thus, the Court cannot count on them to move to dismiss for failure to prosecute.

### A. Standard of Review

¶ 8     In *Halliday v. Footlocker Specialty, Inc.*, the Virgin Islands Supreme Court adopted the six *Poulis* factors and held that "the Superior Court may not dismiss an action for failure to prosecute unless these six [*Poulis*] factors strongly weigh in favor of dismissal as a sanction." 53 V.I. 505, 511 (V.I. 2010); *see V.I. Taxi Ass'n v. V.I. Port Auth.*, 67 V.I. 643, 693 (V.I. 2017) ("When determining whether to dismiss a case for failure to prosecute, the Superior Court must consider and weigh each of the six factors adopted in *Halliday*."). The six *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

> *Molloy v. Independent Blue Cross*, 56 V.I. 155, 185-86 (V.I. 2012) (quoting *Poulis*, 747 F.2d at 868).

In *Molloy*, the Virgin Islands Supreme Court instructed that "[a]lthough a trial court is not required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court must explicitly consider all six factors, balance them, and make express findings." 56 V.I. 155, 186 (V.I. 2012) (citations omitted). In other words, "the 'extreme' sanction of dismissal is reserved for instances in which 'a trial court makes appropriate findings to all six factors'" and "[w]ithout them, the drastic sanction of dismissal 'cannot be warranted.'" *Id.* (citations omitted).

### B. Analysis

#### 1. The Extent of Albert's Personal Responsibility for Delay

¶ 9     "The first *Halliday* factor 'focuses on the party's conduct [and examines] whether the party was responsible for the actions or inactions that lead to dismissal of the case." *V.I. Taxi Ass'n*, 67 V.I. at 693 (quoting *Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 300 (V.I. 2000). This factor focuses

on whether it was the client—Albert—or his attorney who was responsible for the delay. *See V.I. Taxi Ass'n*, 67 V.I. at 693 ("This inquiring distinguishes the acts of the party from the acts of its counsel.").

¶ 10    Here, Albert was represented by counsel at the time the third-party complaint was filed in 2013 and he is still represented by the same counsel. There is no direct evidence that Albert himself was responsible for the delay in moving the third-party claims forward. However, the third-party claims have been pending for approximately eight years with minimal movement. While it is reasonable for Albert to rely to some extent on his attorney's diligence and dedication to move the third-party claims forward, at some point, the responsibility becomes that of the client to ensure that his case is progressing.[6] *See V.I. Taxi Ass'n*, 67 V.I. at 695 ("Nevertheless, a plaintiff "cannot … avoid the consequences of the acts or omissions of [its] freely selected agent."). Thus, the Court finds it reasonable to assume that at least some of the responsibility for this extensive delay lies with Albert. As such, this factor weighs in favor of dismissal.

### 2. Prejudice Suffered by an Adverse Party due to the Offending Party's Failure to Move the Case Forward

¶ 11    In *Molloy*, the Virgin Islands Supreme Court stated that "[p]rejudice to the opposing party is generally demonstrated by either increased expense to the opposing party arising from the extra costs associated with filings responding to dilatory behavior or increased difficulty in the opposing parties' ability to present or defend their claim(s) due to the improper behavior." 56 V.I. at 189 (*citing Poulis*, 747 F.2d at 868). "Some examples of prejudice include the irretrievable loss of evidence, an inevitable dimming of witnesses' memories, or excessive or [irremediable] burdens

---

[6] The Court is, of course, oblivious to the communications between Albert and his attorney, however, the Court is not ready to assume the unlikely scenario where Albert requested his attorney to take action as to his third-party claims and his attorney refused but he nevertheless continued to retain the same attorney to represent him in this matter.

or costs imposed on an opposing party. But this prejudice must arise as a function of the opposing party's failure to file a timely or adequate pleading, discovery response, ... pretrial statement, other paper, or to otherwise comply with a court order." *V.I. Taxi Ass'n*, 67 V.I. at 696 (internal quotations marks and citations omitted). For instance, in *V.I. Taxi Ass'n*, the Virgin Islands Supreme Court found that the defendant's "failure to connect any alleged prejudice to [the plaintiff] VITA's failure to comply with the Superior Court's orders preclude[d] [them] from affirming the Superior Court's conclusion that this factor weighs in favor of dismissal." 67 V.I. at 697.

¶ 12     As noted above, there has been minimal movement as to Albert's third-party claims since the inception. As with any case, a lengthy delay will certainly make it more difficult for the adversary to defend against the claims. With the passage of time, evidence could be lost, memories could fade, and witnesses could disappear or become unavailable. In this instance, these harms certainly did not flow from Albert's failure to comply with scheduling orders or failure to respond to discovery given that no scheduling order has been entered and discovery has not commenced since Third-Party Defendants have not appeared, pled, or otherwise defended in this matter. In fact, the Court is doubtful that Third-Party Defendants suffered any harm at all due to Albert's failure to move the case forward since they have not appeared, pled, or otherwise defended in this matter. As such, this factor weighs against dismissal.

### 3. A History of Dilatoriness

¶ 13     A history of dilatoriness is characterized by a consistent delay by the plaintiff's counsel. *V.I. Taxi Ass'n*, 67 V.I. at 697 (citing *Wyatt*, 54 V.I. at 306). "A delay in prosecuting a case for more than four years constitutes sufficient evidence that the plaintiff has a history of dilatoriness." *Id.* (citation omitted).

¶ 14    Here, a review of the file and the docket revealed that Albert did nothing to advance the merits of his case against for approximately eight years, despite knowing that Third-Party Defendants have not appeared, plead, or otherwise defended in this matter. In fact, at the recent status conference on July 27, 2023 where both Belardo and Albert appeared via counsel and the Court scheduled the bench trial for the first-party action in October 2023, Albert never addressed the status of his third-party claims. A delay of approximately eight years is sufficient to support a finding that Albert had a history of dilatoriness. *See V.I. Taxi Ass'n*, 67 V.I. at 697. To the extent that the delays discussed under the first factor are not attributable to the party himself— Albert — the delays are attributed to his counsel. As such, this factor weighs strongly in favor of dismissal.

### 4. Evidence of Willfulness or Bad Faith

¶ 15    In *Molloy*, the Supreme Court stated that "the trial court must point to specific evidence to justify its determination of willfulness or bad faith." 56 V.I. at 192. Thus, if there is no evidence of willfulness or bad faith on the record, the Court must presume the party/attorney's conduct was not willful or in bad faith. *Id.* "'In the jurisprudence of dismissal, willfulness or bad faith is ... required in order for dismissal to be within the proper scope of the court's discretion [in most cases].'" *V.I. Taxi Ass'n*, 67 V.I. at 698 (quoting *Watts*, 54 V.I. at 308 (quoting *Estate of Spear v. C.I.R.*, 41 F.3d 103, 112 (3d Cir. 1994)) (alterations in original). The Virgin Islands Supreme Court explained that "[w]illful conduct that justifies dismissal is conduct that is deliberate and contumacious, and that involves intentional or self-serving behavior" and that "[w]illful conduct, without a finding of bad faith, may still support a conclusion that dismissal for failure to prosecute is warranted, but the absence of a good-faith effort to prosecute a case does not." *V.I. Taxi Ass'n*, 67 V.I. at 699.

¶ 16    As noted above, the delay in the prosecution of this matter is attributable to Albert and/or his counsel but the delay cannot be attributed to a disregard for the Court's orders. In other words, much of the delay is attributable to Albert and/or his counsel's inaction. In *V.I. Taxi Ass'n*, as to the plaintiff's seven-year period of inaction, the Virgin Islands Supreme Court noted that "[w]hile VITA certainly 'failed to move with dispatch' in prosecuting its action, we perceive no 'contumacious' behavior that would justify a finding that VITA's delay was willful or the product of bad faith." *V.I. Taxi Ass'n*, 67 V.I. at 699. However, the Court finds the plaintiff's inaction in *V.I. Taxi Ass'n* distinguishable from the case at hand. In *V.I. Taxi Ass'n*, the plaintiff was a first-party plaintiff that remained silent for approximately seven years in its case. On the other hand, Albert is a third-party plaintiff that remained silent for approximately eight years in the third-party action while he actively participated in the first-party action and in fact, agreed for the Court to schedule the beach trial in the first-party action in October 2023 without regard as to the third-party action. Thus, the Court finds that, in this instance, Albert and/or his counsel's "failure to move with dispatch" amounts to intentional and deliberate behavior. As such, this factor weighs in favor of dismissal.

### 5. Effectiveness of Sanctions as an Alternative Means of Dismissing the Case

¶ 17    Courts must look to other appropriate methods of sanctioning before dismissal for failure to prosecute because "[d]ismissal must be a sanction of last, not first, resort." *Gilbert*, 2017 V.I. LEXIS 143 at *10 (citing *Poulis*, 747 F.2d at 869); *see V.I. Taxi Ass'n*, 67 V.I. at 699 ("[A]s a general rule, dismissing a case for failure to prosecute is a sanction a court should impose as a last resort.") (quoting *Watts*, 54 V.I. at 310); *see also, Molloy*, 56 V.I. at 188 (reversing dismissal for failure to prosecute because, inter alia, the court failed to consider sanctions other than dismissal).

¶ 18    Here, some alternate sanctions include excluding evidence, precluding witnesses, striking portions of the pleadings, or imposing monetary sanctions. *Gilbert*, 2017 V.I. LEXIS 143 at *10. However, in taking everything into consideration, none of these alternatives are appropriate here— to wit, (i) the third-party claims have been pending since 2013 with minimal movement even though Third-Party Defendants have not appeared, plead, or otherwise defended in this matter, (ii) Albert's dilatory and lackadaisical approach to his third-party claims, (iii) Albert's failure to address the status of his third-party claims at the July 27, 2023 status conference while the Court scheduled the bench trial for the first-party action in October 2023, and (iv) it would be inefficient to adjudicate the third-party complaint in a separate lawsuit, waste judicial resources, and run the risk of inconsistent results. As such, this factor weighs in favor of dismissal.

### 6. Meritoriousness of the Claim

¶ 19    "In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *See Gilbert*, 2017 V.I. LEXIS 143 at *10 (quoting *Poulis*, 747 F.2d at 869-70); *see V.I. Taxi Ass'n*, 67 V.I. at 700. The Virgin Islands Supreme Court instructed that "the Superior Court must consider whether it was 'likely, or even possible that [VITA] could prevail at trial on [its] allegations.'" *See V.I. Taxi Ass'n*, 67 V.I. at 700 (quoting *Molloy*, 56 V.I. at 188).

¶ 20    In his third-party complaint, Albert did not set forth any counts designating specific causes of action. Nevertheless, based on the allegations, the Court deduced the following causes of action:

fraudulent misrepresentation and indemnification.[7] Albert may have intended for his third-party complaint to include additional causes of action. But, alas, Albert failed to set forth any counts designating specific causes of action and Albert cannot and should not expect the Court to parse through his allegations, decipher which causes of action are alleged, and determine which facts satisfy the elements of each. The Court cannot do Albert's job for him. *See Phillip v. Marsh-Monsanto*, 66 V.I. 612, 622 (2017) ("The court may not assume the role of advocate or rewrite [pleadings] to include claims that were never presented.") (quotation marks, brackets, and citations omitted); *Cf. Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). Thus, the Court will only address the aforementioned causes of action.

### a. Fraudulent Misrepresentation and Indemnification

¶ 21    To prevail in his fraudulent misrepresentation claim, Albert was required to demonstrate that (1) Allen and Brann misrepresented a material fact, opinion, intention, or law; (2) that they knew or had reason to believe was false; (3) and was made for the purpose of inducing Albert to act or refrain from acting; (4) which Albert justifiably relied on; and (5) which caused Albert a

---

[7] In the third-party complaint, Albert alleged in relevant part:

. . .

18. The Third Party Plaintiff's injuries are a direct consequence of the fraudulent acts perpetrated by the Third Party Defendant, HILDA PHILLIPS a/k/a HILDA ALLEN, & FITZROY BRANN and Plaintiff Counter-Defendant/Third Party Defendant, JOSE LUIS BELARDO, SR.

19. Any liability imposed on Third Party Plaintiff as a Defendant in the pending actions styled Jose Belardo Sr. vs. Titus E. Albert SX-13-CV-216 will have been caused by Third Party Defendants' and the Plaintiff Counter-Defendant/Third Party Defendant, JOSE LUIS BELARDO, SR.

20. Third Party Plaintiff is therefore entitled to indemnification from Third Party Defendants for any judgment imposed against Third Party Plaintiff in the pending action plus costs, expenses and Attorney's fees incurred in defending this action.

. . .

(Third-Party Compl.)

pecuniary loss. *Love Peace v. Banco Popular de P.R.,* 75 V.I. 284, 291 (V.I. 2021). "To state a claim for common law indemnification, the indemnitee must allege that (1) it has been or may be sued (2) for damages, (3) proximately caused by the indemnitor's actions or inactions, and (4) but for the relationship between the indemnitee and the indemnitor, the indemnitee would not have been sued or found liable." *Willie v. Amerada Hess Corp.,* 66 V.I. 23, 108 (V.I. Super. Ct. Feb. 28, 2017).[8]

¶ 22   In his complaint, Albert alleged that in relevant part: (i) "Third Party Defendant HILDA PHILLIPS a/k/a HILDA ALLEN, represented to Third Party Plaintiff, TITUS E. ALBERT, that she had the authority to sell the property. Third Party Plaintiff, TITUS E. ALBERT, bought the property and received a Deed from Third Party Defendant, HILDA PHILLIPS a/k/a HILDA ALLEN on behalf of Plaintiff/Counter Defendant/Third Party Defendant, JOSE LUIS BELARDO, SR." (TPC ¶ 12); (ii) "Upon information and belief, Third Party Defendant, HILDA PHILLIPS a/k/a HILDA ALLEN spoke to Plaintiff/Counter Defendant/Third Party Defendant, JOSE LUIS BELARDO, SR. and Third Party Defendant, FITZROY BRANN represented to her that his brother agreed to sell the property." (TPC ¶ 13); (iii) "Upon information and belief Third Party Defendant, HILDA PHILLIPS a/k/a HILDA ALLEN, did not know that she a [sic] needed power of attorney to sell the property on Plaintiff/Counter Defendant/Third Party Defendant, JOSE LUIS BELARDO, SR. behalf." (TPC ¶ 14); (iv) "Upon information and belief Third Party Defendant, HILDA PHILLIPS a/k/a HILDA ALLEN, now has learned that Plaintiff/Counter Defendant/Third

---

[8] In *Willie,* after conducting a thorough *Banks* analysis, the court determined that "[t]he soundest rule for the Virgin Islands is to continue recognizing a claim for common law indemnification" and that stated the rule for this jurisdiction. 66 V.I. at 108. Having reviewed the *Banks* analysis conducted in *Willie* as to common law indemnification claim, the Court is satisfied with its reasoning and conclusion, and adopts and incorporates the *Banks* analysis therein as though the same were set forth herein. *Accord Corcino v. Nations,* 2016 V.I. LEXIS 75, *4 n.2 (Super. Ct. June 21, 2016).

Party Defendant, JOSE LUIS BELARDO, SR., claims that he never approved the sale of the property and even further that Third Party Defendant, HILDA PHILLIPS a/k/a HILDA ALLEN, and FITZROY BRANN, never gave Plaintiff/Counter Defendant/Third Party Defendant JOSE LUIS BELARDO, SR., a portion of any of the proceeds derived from the sale." (TPC ¶ 15); (v) "The Third Party Plaintiff's injuries are a direct consequence of the fraudulent acts perpetrated by the Third Party Defendant, HILDA PHILLIPS a/k/a HILDA ALLEN, & FITZROY BRANN and Plaintiff/Counter-Defendant/Third Party Defendant, JOSE LUIS BELARDO, SR." (TPC ¶ 17); (vi) "Any liability imposed on Third Party Plaintiff as a Defendant in the pending action styled [*Belardo v. Albert*, Civil Case No. SX-2013-CV-216] will have been caused by Third Party Defendants' [sic] and the Plaintiff/Counter-Defendant/Third Party Defendant, JOSE LUIS BELARDO, SR." (TPC ¶ 19); and (vii) "Third Party Plaitniff is therefore entitled to indemnification from Third Party Defendants for any judgment imposed against Third Party Plaintiff in the pending action plus costs, expenses and Attorney's fees incurred in defending this action." (TPC ¶ 20.)

¶ 23   The Court does not find Albert's claim for fraudulent misrepresentation meritorious because, even if the allegations of the pleadings are established at trial, it would not support recovery by Albert since Albert never alleged that Allen and Brann "knew or had reason to believe was false," a required element of the claim. On the other hand, the Court finds Albert's claim for indemnification meritorious, because if the allegations of the pleadings are established at trial, it would support recovery by Albert. Given that one of the two claims are meritorious, this factor weighs against dismissal.

### 7. Balancing the Six Factors

¶ 24    Having examined the six *Poulis* factors regarding the dismissal of this matter for failure to prosecute, the Court finds that two factors weigh against dismissal and four factors weigh in favor of dismissal (with one factor a history of dilatoriness—weighing strongly in favor). In this instance, the Court finds the extreme sanction of dismissal is warranted. *See Molloy*, 56 V.I. at 186 ("Although a trial court is not required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court must explicitly consider all six factors, balance them, and make express findings.").

## II.    Belardo's Motion for Partial Summary Judgment

¶ 25    In his motion, Belardo argued that "there is no genuine dispute as to any material fact regarding the forged conveyance of [the Property] by [] Allen to Defendant Albert, and that he is, therefore, entitled to partial judgment, as a matter of law." (Brief 1.) Belardo's main assertion in support of his argument was that Allen was not his lawful agent when she signed the conveyance document that purported that she was acting on Belardo's behalf because he never "authorize[d] Allen, or any other person, to prepare, sign or deliver that document to Albert on his behalf, or as his lawful agent" and "[a]t no time relevant to the preparation, execution or delivery of the purported 2004 conveyance of [the Property], did Belardo make any representations to Allen, Brann, or Albert regarding the execution and delivery of the purported 2004 deed concerning [the Property]." (Brief 3, 4.) Thus, "[t]he inscription of Allen's signation 'for' and above the name 'Jose Belardo' on the purported conveyance of [the Property] is an act of forgery." (Id., at 4) (emphasis omitted.)

¶ 26    In his opposition, Albert argued that the Belardo's motion for partial summary judgment should be denied because there are genuine disputes to several material facts—to wit, it is in

dispute whether an agency relationship existed between Allen and Belardo, because "[a]s far as Mr. Albert was concerned, he dealt with plaintiff Belardo on the phone, and [Allen] acted as Belardo's agent in St. Croix." (Opp. 8.)

## A. Standard of Review

¶ 27    Under Rule 56(a) of Virgin Islands Rules of Civil Procedure[9] (hereinafter "Rule 56(a)"), "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought" and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.I. R. CIV. P. 56(a); *see also Rymer v. Kmart Corp.*, 68 V.I. 571, 575 (V.I. 2018) ("A summary judgment movant is entitled to judgment as a matter of law if the movant can demonstrate the absence of a triable issue of material fact in the record."). "A factual dispute is deemed genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]'" and a fact is material only where it "might affect the outcome of the suit under the governing law[.]" *Todman v. Hicks*, 70 V.I. 430, 436 (V.I. Super. Ct. April 17, 2019) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)). The reviewing court must view all inferences from the evidence in the light most favorable to the nonmoving party, and take the nonmoving party's conflicting allegations as true if properly supported. *Kennedy Funding, Inc. v. GB Properties, Ltd.*, 2020 V.I. 5, ¶14 (V.I. 2020). "The

---

[9] Although Belardo filed his motion in 2016, before the Virgin Islands Rules of Civil Procedure went into effect on March 31, 2017, Rule 1-1 of the Virgin Islands Rules of Civil Procedure provides that the new rules would apply to pending cases unless the Virgin Islands Supreme Court declares otherwise or a Superior Court judge "makes an express finding that applying" the new rules "in a particular previously-pending action would be infeasible or would work an injustice." V.I. R. CIV. P. 1-1(c)(2). Here, the Virgin Islands Supreme Court has not directed that prior rules or practices will be applicable. Furthermore, given that the standard for summary judgment as set forth in Rule 56(a) of the Virgin Islands Rules of Civil Procedure is identical to Rule 56(a) of the Federal Rules of Civil Procedure, the Court does not find that applying the new rules would be infeasible or work an injustice. Thus, the Court finds that Rule 56(a) of the Virgin Islands Rules of Civil Procedure applies here.

movant may discharge this burden simply by pointing out to the ... court that there is an absence of evidence to support the nonmoving party's case." *Id.* (internal quotation marks and citation omitted). Once the moving party meets this burden, "the non-moving party then has the burden of set[ting] out specific facts showing a genuine issue for trial." *Id.* (internal quotation marks and citation omitted). The non-moving party "may not rest upon mere allegations, [but] must present actual evidence showing a genuine issue for trial." *Rymer,* 68 V.I. at 576 (quoting *Williams v. United Corp.,* 50 V.I. 191, 194 (V.I. 2008)). "Such evidence may be direct or circumstantial, but the mere possibility that something occurred in a particular way is not enough, as a matter of law, for a jury to find it probably happened that way." *Kennedy,* 2020 V.I. 5, ¶14. Moreover, the court "should not weigh the evidence, make credibility determinations, or draw 'legitimate inferences' from the facts when ruling upon summary judgment motions because these are the functions of the jury." *Todman,* 70 V.I. at 437 (quoting *Williams,* 50 V.I. at 197); *see Kennedy,* 2020 V.I. 5, ¶14; *see also, Rymer,* 68 V.I. at 577 ("When considering a summary judgment motion, a trial judge may not weigh the credibility of evidence or witnesses."). In deciding a motion for summary judgment, the court's role "is not to determine the truth, but rather to determine whether a factual dispute exists that warrants trial on the merits." *Todman,* 70 V.I. at 437 (citations omitted); *see Kennedy,* 2020 V.I. 5, ¶14 (noting that the court "decide only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving party"). Accordingly, "if a credibility determination is necessary as to the existence of a material fact, a grant of summary judgment would be improper." *Rymer,* 68 V.I. at 577. Because summary judgment is "[a] drastic remedy, a court should only grant summary judgment when the 'pleadings, the discovery and disclosure materials on file, and any affidavits, show there is no genuine issue as to any material

fact.'" *Rymer*, 68 V.I. at 575-76 (quoting *Williams*, 50 V.I. at 194). The Court is required to "state on the record the reasons for granting or denying the motion." V.I. R. CIV. P. 56(a).

## B. Analysis

¶ 28    The Court notes at the outset that, based on the substance of Belardo's motion, Belardo moved for summary judgment only as to his fraud claim (Count One).

¶ 29    "A conveyance of lands, or of any estate or interest therein, may be made by deed, signed by the person from whom the estate or interest is intended to pass, being of lawful age, or by his lawful agent or attorney and acknowledged or proved, and recorded as directed in this title, without any other act or ceremony." Title 28 V.I.C. § 41. It is not in dispute that Allen signed the conveyance instrument which purported that she was acting on behalf Belardo. However, it is in dispute whether Allen was Belardo's lawful agent when she signed the conveyance instrument. According to Belardo, Allen was not his lawful agent because he never authorized Allen to act as his agent, and thus, Allen was not his lawful agent when she signed the conveyance instrument. According to Albert, Allen had Belardo's authorization to act as Belardo's agent and thus, Allen was Belardo's lawful agent when she signed the conveyance instrument. In deciding a motion for summary judgment, the Court may not weigh the evidence and determine the truth of the competing allegations. *See Todman*, 70 V.I. at 437 ("[T]he Court should not weigh the evidence, make credibility determinations, or draw 'legitimate inferences' from the facts when ruling upon summary judgment motions because these are the functions of the jury. The Court's role in deciding a motion for summary judgment is not to determine truth, but rather to determine whether a factual dispute exists that warrants trial on the merits.") (internal quotation marks omitted). As such, the Court finds that Belardo failed to satisfy his burden of establishing that there is no genuine

dispute as to any material fact as to his fraud claim and the Court will deny Belardo's motion for partial summary judgment.[10]

### III. Belardo's Motions for a Hearing and Dispositive Ruling

¶ 30    Given that the Court ruled on Belardo's motion for partial summary judgment, the court will deny as moot all of Belardo's motions for a hearing and dispositive ruling, filed on September 21, 2018, January 17, 2020, February 19, 2021, and February 9, 2023.

### IV. Bench Trial

¶ 31    As noted above, the parties waived their demand for jury trial at the July 27, 2023 status conference and this matter is currently scheduled for bench trial on October 5, 2023. At this time, the Court will order the parties to file an abbreviated proposed joint final pretrial order by October 2, 2023.[11] Discovery in this matter remains closed and no motions (substantive or evidentiary) may be filed without the leave of the Court.

---

[10] Given the Court's ruling, the Court need not reach the issue of whether there is any other genuine dispute as to material fact.

[11] To give the parties more time, the Court, via its law clerk, sent the parties an email on September 26, 2023 advising them to file the abbreviated proposed joint final pretrial. The email stated:

> Hi all, good afternoon!
>
> Please be advised that the bench trial scheduled to commence on **October 4, 2023** will be going forward. A memorandum opinion and order addressing Belardo's motion for partial summary judgment and other outstanding issues will be forthcoming.
>
> **The parties are ordered to file an abbreviated proposed joint final pretrial order by 5:00 p.m., Monday, October 2, 2023, containing the information listed below.** Discovery in this matter remains closed and no substantive evidentiary motions may be filed without the leave of the Court.
>
> **The abbreviated proposed joint final pretrial order** shall include:
>
>> **1-Plaintiff's Factual Contentions.** This section shall include a list of Plaintiff's claims against Defendant with the specific names of the cause of action for each count. This section shall not exceed 2 pages.
>>
>> **2-Defendant's Factual Contentions.** This section shall include affirmative defenses and counterclaims, in any. If there are counterclaims, then this section shall include a list of Defendant's counterclaims against Plaintiff with the specific names of the cause of action for each count. This section shall not exceed 2 pages.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that Albert's claims in the third-party complaint against Allen and Brann are **DISMISSED WITH PREJUDICE**. It is further:

**ORDERED** that Belardo's motion for partial summary judgment, filed June 29, 2016, is **DENIED**. It is further:

**ORDERED** that all of Belardo's motions for a hearing and dispositive ruling, filed on September 21, 2018, January 17, 2020, February 19, 2021, and February 9, 2023, are **DENIED AS MOOT**. It is further:

**ORDERED** that, on or before **5:00 p.m., October 2, 2023**, the parties shall file an abbreviated proposed joint final pretrial order that includes the following information:

> **1-Plaintiff's Factual Contentions**. This section shall include a list of Plaintiff's claims against Defendant with the specific names of the cause of action for each count. This section shall not exceed 2 pages.
>
> **2-Defendant's Factual Contentions**. This section shall include affirmative defenses and counterclaims, in any. If there are counterclaims, then this section

---

**3-If there are counterclaims, Plaintiff/Counter-Defendant's Factual Contentions**. This section shall include affirmative defenses, if any.

**4-Statement of Damages Claimed by Plaintiff in Complaint.**

**5-Statemet of Damages Claim by Defendant in Counterclaim.**

**6-Statement of Legal Issues Presented.**

**7-Exhibit Lists**. Each party shall list separately and describe with particularity each exhibit which it intends to use at the trial of this case. Any exhibit not listed may not be used during the parties' case-in-chief, unless the existence of the exhibit, despite due diligence, was unknown to the party and its counsel at the time of submission of this order. If a party intends to use no exhibits at trial for any purpose, the party shall so state. Exhibits should be pre-marked prior to trial.

**8-Fact Witness Lists**. The name of each witness whom the party intends to call at trial shall be listed with a short identifying statement. A detailed summary of the anticipated testimony of each witness must be provided. Except for rebuttal witnesses, no party shall call a witness at trial whose name does not appear on the party's witness list, unless the existence of the potential witness was unknown to the party, despite due diligence, at the time of submission of this order.

(Sept. 26, 2023 Email.)

shall include a list of Defendant's counterclaims against Plaintiff with the specific names of the cause of action for each count. This section shall not exceed 2 pages.

**3-If there are counterclaims, Plaintiff/Counter-Defendant's Factual Contentions.** This section shall include affirmative defenses, if any.

**4-Statement of Damages Claimed by Plaintiff in Complaint.**

**5-Statemet of Damages Claim by Defendant in Counterclaim.**

**6-Statement of Legal Issues Presented.**

**7-Exhibit Lists.** Each party shall list separately and describe with particularity each exhibit which it intends to use at the trial of this case. Any exhibit not listed may not be used during the parties' case-in-chief, unless the existence of the exhibit, despite due diligence, was unknown to the party and its counsel at the time of submission of this order. If a party intends to use no exhibits at trial for any purpose, the party shall so state. Exhibits should be pre-marked prior to trial.

**8-Fact Witness Lists.** The name of each witness whom the party intends to call at trial shall be listed with a short identifying statement. A detailed summary of the anticipated testimony of each witness must be provided. Except for rebuttal witnesses, no party shall call a witness at trial whose name does not appear on the party's witness list, unless the existence of the potential witness was unknown to the party, despite due diligence, at the time of submission of this order.

**DONE and so ORDERED this** 2ND **day of October 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk
Dated: 10/2/23

HAROLD W.L. WILLOCKS
**Administrative Judge of the Superior Court**