

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2006

# Wesley v. Dixon

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2043

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wesley v. Dixon" (2006). *2006 Decisions.* Paper 355.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/355

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-335                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2043
_____

DANIEL WESLEY,

Appellant

v.

DIRECTOR DOCTOR BRUCE DIXON, Allegheny County
Correctional Health Service Inc.; JAIL PHYSICIAN
DOCTOR PATTERSON, Allegheny Correctional Services
Inc. Defendants sued in the professional and individual
capacity; ALLEGHENY CO. JAIL

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00084)
District Judge: Honorable Thomas M. Hardiman

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 21, 2006

Before:  FUENTES, VAN ANTWERPEN AND CHAGARES, CIRCUIT JUDGES.

(Filed October 4, 2006)

_____

OPINION

_____

PER CURIAM

Daniel Wesley appeals the District Court's order dismissing his complaint for failure to prosecute. In January 2004, Wesley filed a civil rights complaint in which he alleged that two doctors at the Allegheny County Jail were deliberately indifferent to his medical needs because they refused to provide him with surgery to remove his bowel bag and reattach his intestines because it would be too expensive. In March 2004, the District Court granted Wesley's motion to proceed in forma pauperis. In March 2005, the Magistrate Judge ordered the U.S. Marshal to mail the complaint and request for waiver of service to the defendants. On May 13, 2005, the Marshal filed notices of inability to serve the complaint on the three named defendants. On the forms it was noted "returned to court unexecuted - no response to waiver by mail." On May 19, 2005, the Magistrate Judge ordered that the Clerk prepare a duplicate summons and complaint and that the U.S. Marshal make personal service on the defendants. There is nothing in the record to indicate that personal service was attempted.

On February 1, 2006, the Magistrate Judge ordered Wesley to show cause why the case should not be dismissed for lack of prosecution. The Magistrate Judge noted that Wesley had been released from jail and had not advised the court of any change of address. The Magistrate Judge stated that Wesley had been informed that the failure to advise the District Court of an address change could result in the dismissal of his case for

2

failure to prosecute. Wesley did not respond[1] and the District Court entered an order dismissing the action on February 28, 2006. On March 23, 2006, Wesley filed a timely notice of appeal. He has also filed a motion for the appointment of counsel.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order dismissing the action for failure to prosecute for an abuse of discretion. Redmond v. Gill, 352 F.3d 801 (3d Cir. 2003); Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). "Dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for comparable cases." Poulis, 747 F.2d at 867-8 (citation omitted). In Poulis, we set forth six factors to be balanced in deciding whether to dismiss a case as a sanction:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). In determining whether the District Court has abused its discretion, we examine its balancing of these factors and whether its findings are supported by the record. Here, the District Court did not address or weigh the Poulis factors.

With respect to the first Poulis factor, because Wesley is proceeding pro se, he

---

[1] The show cause order was returned to the court with the envelope marked "resident released."

3

bears full responsibility for the litigation. However, as noted above, the District Court had ordered the Clerk to prepare duplicate summons and the Marshal to make personal service on the defendants.[2] Thus, at the time Wesley was ordered to show cause why the case should not be dismissed, there was nothing for him to do for the prosecution of the action.

As for the second Poulis factor, it is not clear whether the defendants will be prejudiced by any delay. However, because the delay is not attributable to Wesley, this factor does not weigh against him. As the case was in its initial stages, there was no history of dilatoriness on Wesley's part. As for whether the conduct was willful or in bad faith, there is nothing to indicate that Wesley's failure to notify the Court of his address change was anything more than forgetfulness. With respect to the effectiveness of alternate sanctions, we believe that there was no need for a sanction in this case. Wesley's allegations state a claim for deliberate indifference to his serious medical needs; he alleged that he was denied necessary medical treatment because of its cost.

Because the District Court did not weigh the Poulis factors, it abused its discretion in dismissing the action for failure to prosecute. We conclude that a balancing of the Poulis factors does not weigh in favor of dismissal. Summary action is appropriate if

---

[2] Federal Rule of Civil Procedure 4(c)(2) provides that "[a]t the request of the plaintiff, . . . the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915."

there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, we will summarily vacate the District Court's February 28, 2006 order and remand the matter to the District Court for service of the complaint on the defendants. <u>See</u> Third Circuit I.O.P. 10.6. Wesley's motion for the appointment of counsel on appeal is denied as moot.