**ERNEST HALLIDAY, SR., et al, Appellants/Plaintiffs**
**v.**
**FOOTLOCKER SPECIALTY, INC., et al, Appellees/Defendants**

S. Ct. Civ. No. 2009-0053
Supreme Court of the Virgin Islands
April 12, 2010

CLIVE RIVERS, ESQ., The Law Offices of Clive Rivers, St. Thomas, USVI, *Attorney for Appellants*.

SHARMANE DAVIS-BRATHWAITE, ESQ., Dudley Clark & Chan, LLP, St. Thomas, USVI, *Attorney for Appellees Foot Locker Specialty, Inc. and Footlocker Retail, Inc.*

TERRYLN M. SMOCK, ESQ., Assistant Attorney General, St. Croix, USVI, *Attorney for Appellee Government of the Virgin Islands*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(April 12, 2010)

HODGE, C.J. Appellants Ernest Halliday, Sr. (hereafter "Ernest"), and Maysie Pant (hereafter "Pant"), in their individual capacities and as

co-personal representatives of the estate of Jahleel Halliday (hereafter "Jahleel") (collectively "Appellants"), appeal from an April 24, 2009 Superior Court Order dismissing their action against Footlocker Retail, Inc. (hereafter "Footlocker Retail"), Kareem Brown (hereafter "Brown"), Keelo Jacobs (hereafter "Jacobs"), the Government of the Virgin Islands (hereafter "Government"), and Janet Smith-Barry (hereafter "Smith-Barry") for failure to prosecute.[1] For the following reasons, we will reverse the Superior Court's Dismissal Order and remand the matter for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2007, the Appellants filed a six-count verified complaint in the Superior Court alleging that Footlocker Specialty, Inc. (hereafter "Footlocker Specialty"), Footlocker Retail, Brown, Jacobs, the Government, and Smith-Barry were responsible for the wrongful death of Jahleel at a Footlocker store in Lockhart Gardens, St. Thomas, as well as alleging that the Appellees were negligent and inflicted emotional distress. Footlocker Specialty and Footlocker Retail filed their answer on October 15, 2007 but, on October 23, 2007, also filed a motion for summary judgment requesting that the Superior Court dismiss Appellants' complaint for lack of standing because Appellants had not submitted any documentation demonstrating that they had been appointed personal representatives of Jahleel's estate.[2] On January 7, 2008, Footlocker Specialty and Footlocker Retail filed a motion to deem its motion for summary judgment conceded because Appellants had failed to submit a response. On December 8, 2008, Footlocker Specialty and Footlocker Retail filed a renewed motion for summary judgment and, on January 21, 2009, filed a motion to deem its renewed motion conceded because Appellants had still not filed an opposition.

---

[1] This Court, in a December 21, 2009 Order, granted the Government's motion to join in the appellate brief filed by Footlocker Retail. Although Footlocker Specialty, Brown, Jacobs, and Smith-Berry are identified as appellees in the case caption, none of these parties has entered an appearance in this matter, filed a separate appellate brief, or sought permission to join in Footlocker Retail's appellate brief.

[2] Pursuant to the Virgin Islands Wrongful Death Act, an action for wrongful death "shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this section, caused by the injury resulting in death." 5 V.I.C. § 76(d).

Appellants, on January 23, 2009, filed an opposition to the motion for summary judgment,[3] alleging that they had standing to bring a wrongful death action because on January 9, 2009 the Superior Court, in the case *In the Matter of the Estate of Jahleel R. Halliday*, Super. Ct. Probate No. 96/2008, appointed Ernest as the administrator of Jahleel's estate. On January 29, 2009, Footlocker Specialty and Footlocker Retail submitted a reply to Appellants' opposition which argued that the order appointing Ernest as administrator was ineffective to show that Appellants had standing to bring their action when it was originally filed on September 11, 2007.

The Superior Court held a status conference in the matter on March 10, 2009. At the conference, Footlocker Specialty orally moved for summary judgment because it does no business in the territory and the Footlocker store at which Jahleel died — which Footlocker Specialty's counsel claimed was the only Footlocker store in the Virgin Islands — is operated by Footlocker Retail.[4] (J.A. at 164-69.) The Superior Court orally granted the oral motion for summary judgment, (J.A. at 169), and on the same day issued a written order dismissing Footlocker Specialty from the litigation. At the conclusion of the March 10, 2009 status conference, the Superior Court stated that it was inclined to dismiss the wrongful death cause of action for lack of standing, but, noting that Appellants had brought their action in both their individual and personal representative capacities, requested that Appellants' counsel file, by March 20, 2009, a memorandum discussing which of Appellants' causes of action, if brought in their individual capacities, would still remain viable if the court dismissed all actions brought on behalf of Jahleel's estate.[5] (J.A. at 186-88, 190.)

---

[3]  Appellants' filing did not indicate whether it is in opposition to Footlocker's October 23, 2007 motion for summary judgment, its December 8, 2008 motion for summary judgment, or both.

[4]  At the March 10, 2009 hearing, Footlocker Specialty's counsel stated that a written motion for summary judgment requesting Footlocker Specialty's dismissal on these grounds had also been filed. However, the Superior Court's certified docket sheets for this matter indicate that the only motions for summary judgment filed in this litigation were the October 23, 2007 and December 8, 2008 motions, both of which only alleged that Appellants lacked standing.

[5]  Although Appellants' counsel requested at the conference that the March 20, 2009 deadline be extended because he had to attend a mediation in Austin, the judge refused to extend

The Appellants did not file their memorandum on or before March 20, 2009. The Superior Court, in an April 24, 2009 Order noting that the memorandum had not been submitted, dismissed the matter without prejudice for lack of prosecution. However, on April 24, 2009, the Appellants filed their memorandum, and on April 27, 2009 filed a motion to amend the complaint "to reflect appointment of the personal representative." (J.A. at 141.) On May 6, 2009, Appellants filed a motion for reconsideration of the Superior Court's April 24, 2009 Order, which the Superior Court denied in an order entered on May 21, 2009. Appellants' filed their notice of appeal on May 22, 2009.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4 § 32(a) (1997). Since the Superior Court entered its order dismissing Appellants' action on April 24, 2009, and Appellants' notice of appeal was filed on May 22, 2009, the notice of appeal was timely filed. *See* V.I.S.CT.R. 5(a)(1) ("[T]he notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from; but if the Government of the Virgin Islands or an officer or agency thereof is a party, the notice of appeal may be filed . . . within sixty days after such entry.").[6]

However, even though the Superior Court's March 10, 2009 Order granting Footlocker Specialty's oral motion for summary judgment, April 24, 2009 Order dismissing the action for failure to prosecute, and May 21, 2009 Order denying reconsideration are all orders this Court may review in this appeal, Appellants' notice of appeal only states that Appellants seek appellate review of the Superior Court's April 24, 2009 Order. (J.A. at 149.) Moreover, Appellants' brief states that the sole issue on appeal is

---

the deadline because "[o]n the plane you have all the time in the world to get the memorandum in." (J.A. at 189.)

[6] Moreover, because Appellants filed their May 6, 2009 motion for reconsideration within ten days of the Superior Court's April 24, 2009 Order, the time for filing a notice of appeal of the April 24, 2009 Order was tolled until May 21, 2009 — the day the Superior Court denied reconsideration. *See* V.I.S.CT.R. 5(a)(4).

"whether the trial court abused its discretion when it dismissed plaintiffs' case without prejudice for failure to prosecute," (Appellant's Br. at 4), and does not discuss the correctness of the Superior Court's March 10, 2009 and May 21, 2009 Orders. Consequently, because "[w]hen an appeal is taken from a specified judgment only . . . [a] court of appeals acquires thereby no jurisdiction to review other judgments . . . not so specified or otherwise fairly to be inferred from the notice as intended to be presented for review on appeal," this Court only exercises appellate jurisdiction over the Superior Court's April 24, 2009 Order. *Bernhardt v. Bernhardt*, 51 V.I. 341, 346 (V.I. 2009) (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 972 (3d Cir. 1992)).

The standard of review for this Court's examination of a Superior Court order dismissing a matter for failure to prosecute is abuse of discretion. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

## B. The Superior Court Erred in Dismissing Appellants' Action as a Sanction

■ In their appellate brief, Appellants primarily argue that the Superior Court abused its discretion when it dismissed their complaint for failure to prosecute because "there is no evidence that the trial [court] weighed the factors established in *Poulis* . . . to determine if dismissal was warranted." (Appellant's Br. at 8.) Pursuant to *Poulis*, a trial court must, before ordering the "extreme" sanction of dismissing an action for failure to prosecute, consider and balance "(1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." *Poulis*, 747 F.2d at 868 (emphases in original).

■■ The question of whether the six factor test articulated by the United States Court of Appeals for the Third Circuit in *Poulis* should apply to dismissals for failure to prosecute in the Superior Court is a

question of first impression in this Court.[7] However, we agree with the Third Circuit that an appellate court possesses an obligation to "assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited," and that dismissal as a sanction for failure to prosecute cannot be warranted unless a trial court makes appropriate findings with respect to all six factors and concludes that, on balance, dismissal is warranted. Accordingly, this Court holds that the Superior Court may not dismiss an action for failure to prosecute unless these six factors strongly weigh in favor of dismissal as a sanction.[8]

■ ■ Here, it is readily apparent that the Superior Court's April 24, 2009 Order did not consider — let alone weigh — any of these six factors. Significantly, the April 24, 2009 Order consists of a total of three sentences,[9] and only references the fact that Appellants' counsel was required to submit a memorandum, but had failed to do so, without

---

[7]  "[D]ecisions rendered by the Third Circuit and the Appellate Division of the District Court," while "binding upon the Superior Court . . . only represent persuasive authority when this court considers an issue." *In re People of the V.I.*, 51 V.I. 374, 389 n.9 (V.I. 2009).

[8]  In its brief, Footlocker Retail contends that "it is only when a defendant moves for an involuntary dismissal under [FED. R. CIV. P.] 41(b), as a sanction for a failure to prosecute, [that] the court is bound to consider one or more of the factors provided in *Poulis*," and that since "[t]he record here is undisputed that Appellee did not file a Rule 41(b) motion . . . . the trial court was not required to engage in a weighing of the *Poulis* factors prior to dismissing the case *sua sponte*." However, *Poulis* itself involved a situation in which "the district court, *sua sponte*, dismissed the case . . . for plaintiffs' failure to comply with the orders to file the pre-trial statement," and then, after that order was vacated on appeal, "reinstated its *sua sponte* sanction of dismissal." *Poulis*, 747 F.2d at 865-66. Consequently, since *Poulis*, by its own terms, requires application of these factors to *sua sponte* dismissals for failure to prosecute, Footlocker Retail's claim that the Superior Court must only consider and weigh these six factors when a defendant files a motion to dismiss for failure to prosecute is completely without merit.

[9]  The April 24, 2009 Order reads, in its entirety:

> THIS MATTER came on for a status hearing on March 10, 2009 after which the Court ordered counsel for Plaintiffs to submit a memorandum supporting the contention that Plaintiffs had the authority to sue on behalf of the deceased, Jahleel R. Halliday, upon the commencement of the above-styled matter. To date, counsel for the Plaintiffs has failed to show that the Plaintiffs were authorized to sue on behalf of Jahleel R. Halliday upon commencing this action. The Court being duly advised in the premises, it is hereby ORDERED, that the above-styled matter shall be DISMISSED WITHOUT PREJUDICE for lack of prosecution; and it is further ORDERED, that a copy of this Order shall be directed to counsels of record for the respective parties.

(J.A. at 139.)

making any findings with respect to Appellants' personal responsibility, prejudice to any of the defendants, whether Appellants' counsel's conduct was willful or in bad faith, the effectiveness of alternative sanctions, and the meritoriousness of Appellants' claims.[10] (J.A. at 139.) Accordingly, because the Superior Court dismissed Appellants' action without performing the appropriate balancing test, this Court reverses the Superior Court's April 24, 2009 Order.[11] *See Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1194 (3d Cir. 1989) ("Here the district court simply did not undertake any *Poulis* balancing . . . . We therefore determine that the case must be remanded to the district court . . . ."); *see also Wesley v. Dixon*, 198 Fed. Appx. 249, 251 (3d Cir. 2006) ("Because the District Court did

---

[10]  Although the Superior Court's Order states that "counsel for Plaintiffs has failed to show that Plaintiffs were authorized to sue on behalf of Jahleel R. Halliday upon commencing this action," the transcript of the March 10, 2009 hearing indicates that the Superior Court had ordered counsel to submit a memorandum discussing what causes of action, if brought in the Appellants' individual capacities, would survive dismissal of all claims brought in Appellants' capacities as personal representatives. (J.A. at 186-88, 190.) Accordingly, it does not appear that the Superior Court's April 24, 2009 Order adequately considered the meritoriousness of all of Appellants' claims.

[11]  In its brief, Footlocker Retail argues that this Court should nevertheless affirm the Superior Court's April 24, 2009 Order because "the wrongful death statute is [Appellants'] exclusive remedy for recovery" and "[a]ccordingly, when as of April 2[4], 2009, the trial court had not been provided with any legal basis for the individual causes of action by Appellants, dismissal of the case was warranted." (Appellee's Br. at 8.) However, the Superior Court's April 24, 2009 Order expressly stated that the case was being dismissed "for lack of prosecution," rather than lack of standing.

Moreover, to the extent Footlocker Retail is attempting to argue that a dismissal for lack of prosecution was harmless because Appellants' failure to respond to its motions for summary judgment would have authorized the Superior Court to deem its motions conceded, it is well established that a litigant's failure to submit an opposition to a motion for summary judgment does not grant the Superior Court the authority to grant summary judgment without performing its own independent legal analysis. *See Anchorage Ass'n v. V.I. Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1992) (holding that when non-movant fails to oppose motion for summary judgment trial court may assume truth of facts set forth in motion but may not deem motion conceded, because court must still inquire whether facts therein entitle movant to relief as a matter of law); *see also* FED. R. CIV. P. 56(e) ("If the opposing party does not so respond, summary judgment should, *if appropriate*, be entered against that party.") (emphasis added). Accordingly, even if this Court were to assume — without deciding — that the Superior Court could have deemed conceded, as a result of Appellants' failure to timely file an opposition, the fact that Appellants were not the personal representatives of Jahleel's estate, the Superior Court would still have possessed an obligation to independently apply the law to this fact and determine whether it was legally appropriate to, on this basis, dismiss every cause of action — including those brought in Appellants' individual capacities — against every defendant.

not weigh the *Poulis* factors, it abused its discretion in dismissing the action for failure to prosecute."); *Bjorgung v. Whitetail Resort*, 197 Fed. Appx. 124, 127 (3d Cir. 2006) ("Our appellate function requires us to determine 'if the court properly balanced the *Poulis* factors and whether the record supports its findings. This record contains neither findings, nor balancing . . . . Accordingly, we will reverse the district court's dismissal of this complaint . . . .' ") (quoting *Livera*, 879 F.2d at 1194).

## III. CONCLUSION

Because dismissal for failure to prosecute constitutes an extreme sanction, the Superior Court may not order it unless it has expressly considered and weighed the extent of the plaintiff's personal responsibility, the prejudice — if any — to the other parties in the litigation, whether the plaintiff has demonstrated a history of dilatoriness, whether the plaintiff or attorney's conduct was willful or in bad faith, the effectiveness of sanctions other than dismissal, and the meritoriousness of the plaintiff's claim. Consequently, since the record contains no evidence indicating that the Superior Court considered any of these six factors — let alone weighed them — this Court reverses the Superior Court's April 24, 2009 Order and remands the matter to the Superior Court for further proceedings consistent with this Opinion.