IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
January 09, 2024 03:00 PM
SX-2005-CV-00484
**TAMARA CHARLES**
**CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

EDWARD JOHN and MYRTLE RYAN, AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARNETT RYAN,

                    Plaintiffs,

v.

HOVENSA, LLC., JOHN EVANKO, and
KARI EVANKO,

                    Defendants.

CASE NO. SX-2005-CV-00484

**Appearances:**

**LEE J. ROHN, ESQ.**
Lee J. Rohn and Associates, LLC.
Christiansted, VI 00820
*For Plaintiffs*

**CARL A. BECKSTEDT, III, ESQ.**
Beckstedt & Kuczynski LLP
Christiansted, VI 00820
*For Defendants*

Cite as 2024 VI Super 1U

## MEMORANDUM OPINION AND ORDER

¶1     **THIS MATTER** is before the Court on Plaintiffs' Motion to Appoint John Evanko as the Personal Representative of the Estate of Kari Evanko ("Motion") and have him substituted into the matter on behalf of Kari Evanko, deceased. Plaintiffs, Edward John ("John") and Myrtle Ryan as personal representative of the Estate of Garnett Ryan ("Ryan"), move pursuant to Rule 25 of the Virgin Islands Rules of Civil Procedure *(V.I.R. Civ. P. 25(a))* and § 77 of Title 5 Virgin Islands Code *(5 V.I.C. 77)*, for the substitution of John Evanko, a party defendant, for Kari Evanko, deceased, another party defendant. Plaintiffs argue that their Motion is timely; but if untimely, the untimeliness is the fault of defense counsel; that Defendant HOVENSA LLC's ("HOVENSA") objection to the Motion was untimely; that HOVENSA lacks standing to challenge the Motion and finally; that there is "good cause" to grant the substitution and appoint John Evanko as the personal representative. HOVENSA opposes the Plaintiffs' Motion arguing that Plaintiffs' claims did not survive; the Motion was not timely and does not survive under the "good cause" standard; and that Plaintiffs are required to open a probate proceeding or otherwise establish that John Evanko is the proper party to substitute for Kari Evanko.

Edward John, *et al.* v. HOVENSA, LLC., *et al.*
Case No. SX-2005-CV-00484
**MEMORANDUM OPINION and ORDER**
Page 2 of 10

Cite as 2024 VI Super 1U

## Factual and Procedural Background

¶2    The procedural posture of this case is worth outlining as the conduct of the parties in contributing to this 18-year-old case is relevant to the Court's consideration of the Motion and for substitution. On August 2, 2005, Edward John and Garnett Ryan filed a suit against Defendants HOVENSA, LLC, Best Construction, and John Evanko and Kari Evanko (jointly referred to as the "Evankos") for defamation, wrongful discharge, breach of the duty of good faith and fair dealing, intentional/negligent infliction of emotional distress and punitive damages. Best Construction and HOVENSA answered the complaint timely, but it was not until October 27, 2006, that the Evankos answered the amended complaint. The Evankos defend against defamation, infliction of emotional distress claims and breach of the duty of good faith and fair dealing. For the next six (6) years, the parties actively engaged in discovery. In February 2012 and June 2012, Motions for Summary Judgment[1] were filed by the Evankos and HOVENSA, respectively. On May 21, 2012, the Court signed an agreed Order of Dismissal of Best Construction. The matter appeared ready for trial and the Court ordered the filing of final joint pretrial orders and proposed civil jury instructions by August 1, 2012, with a calendar call scheduled for October 9, 2012. The calendar call was later continued without a date.

¶3    Over the next three years there were several substitutions of counsels for the defendants and the filing of a notice of automatic bankruptcy stay by HOVENSA on September 18, 2015. Three years later, on October 25, 2018, Plaintiffs filed notice of lifting the bankruptcy stay on proceedings against HOVENSA. The Court held a conference hearing on February 25, 2019, during which the Plaintiffs' attorney stated that all discovery was completed. The Court's Record of Proceedings show that the parties were to submit a new scheduling order within 30 days of the conference hearing. This was not done.

¶4    On August 26, 2020, Plaintiffs moved to amend the complaint a second time to name Myrtle Ryan as the personal representative for the Estate of Garnette Ryan, deceased, and to clarify her claims. The motion was granted on October 19, 2020, without opposition. Over a year later, on December 9, 2021, Plaintiffs moved to appoint John Evanko as the personal representative for the Estate of Kari Evanko, deceased, to which HOVENSA filed a written opposition. HOVENSA also answered the Second Amended Complaint on December 10, 2021. John Evankos did not answer the Motion to Substitute him to defend on behalf of the Estate of Kari Evanko, and the Plaintiffs did not submit evidence that John Evanko consented to the substitution. Sixteen years after the commencement of this matter, the case again stalled after Plaintiffs' and HOVENSA's briefing of the Motion and to substitute John Evanko to defend this action on behalf of Estate of Kari Evanko, deceased.

¶5    The Plaintiffs filed with the Court a copy of a public announcement of the death of "Kari Lynn Evanko" and an electronically generated report from the public records of the State of Texas, Jefferson County on the death of Kari Lynn Evanko. The announcement and death record show

---

[1] The Motions for Summary Judgment will be decided by separate judgment of this Court.

that "Kari Lynn Evanko"[2] died on June 7, 2014, in Jefferson County. The Court will take judicial notice of her death.[3]

¶6    For the reasons stated below, the Court will grant the motion to substitute a personal representative for Defendant Kari Evanko, deceased. However, the Court will not permit the substitution of Defendant John Evanko for Defendant Kari Evanko, deceased.

## DISCUSSION

### Survival of Plaintiff's Claims

¶7    Plaintiffs' Second Amended Complaint makes two personal injury claims (defamation and negligent/intentional infliction of emotional distress) and one common law claim for damages sounding in contract law (breach of the duty of good faith and fair dealing) against Defendant Kari Evanko. Determining the survival of these claims is the first step in the Court's consideration of whether it should permit the substitution of a personal representative for Kari Evanko. If none of the claims survive, the Court's inquiry ends and the claims against Kari Evanko must be dismissed. However, if any claim against Kari Evanko survives her death, the Court must consider the appointment and substitution of a personal representative to continue the defense of the claims against her estate. See, 5 V.I.C. § 78.   Based upon the arguments of the parties, the Court will consider two statutory provisions which govern the survival of claims following the death of a party: 5 V.I.C.§ 77 and 15 V.I.C. § 601.

¶8    Title 5 Virgin Islands Code, §77 governs the survival of personal injury and other tort claims. *Jeremiah v. Virgin Islands Dep't of Hum. Servs.*, 77 V.I. 310, 317, 2023 VI SUPER 34, ¶ 8 (Super. Ct. 2023) It specifically provides that "[a] thing in action arising out of a wrong which results in physical injury to the person…shall not abate by reason of the death of the wrongdoer, any other person liable for damages for such injury, nor by reason of the death of the person injured…." *5 V.I.C. § 77*. This section allows personal injury actions to continue after the death of an injured party and/ or the party accused of wrongdoing. *Martinez v. Hess Oil Virgin Islands Corp.*, 69 V.I. 519, 543 (Super. Ct. 2018). The personal injury claim, however, must allege physical injury and have occurred during the lifetime of the injured party *Id.* In paragraph 45 of the Second Amended Complaint, Plaintiffs allege physical injuries because of the Defendants'

---

[2] Plaintiffs' counsel represents to the Court that by the submission of the public record and death announcement for Kari Lynn Evanko, that Kari Evanko and Kari Lynn Evanko, deceased, are one and the same person. This representation is accepted subject to V.I.R. Civ. P. 11. ( See, *V.I. Taxi Association v. Virgin Islands Port Authority*, 2015 WL 3814174 (Super. Ct. 2015) (The Superior Court considered the circumstances of counsel's misrepresentations and determined that they were not intentional and did not amount to sanctionable conduct.))

[3] Courts can take judicial notice of the death of a party based upon public records and announcement. *In re*, 2020 VI SUPER 53, ¶ 50 (Super. Ct. Apr. 26, 2020), rev'd and remanded sub nom. *Metivier v. Lockheed Martin Corp.*, 2023 VI 4, ¶ 50 (Mar. 30, 2023)

wrongful conduct which the Court finds satisfies the physical injury requirement for survival under § 77.

¶9    Further, under § 77 the following damages are available: "loss of earnings and expenses sustained or incurred [by the decedent] as a result of the injury[,]" including "damages for pain, suffering and disfigurement, or punitive or exemplary damages, or prospective profits or earnings after the date of death." *Gerald v. R.J. Reynolds Tobacco Co.*, 67 V.I. 441, 477 (V.I. Super. 2017) Plaintiffs are also entitled to seek punitive damages and damages for decedents' pain and suffering and loss of enjoyment of life under § 77. *Id.* Here, Plaintiffs seek damages for physical and psychological injuries, loss of regulation, humiliation, scorn, loss of income, loss of capacity to earn income, medical expenses, mental anguish, pain and suffering, loss of enjoyment of life and punitive damages under Count I- defamation and Count IV- infliction of emotional distress. Not only do the claims for defamation and negligent/ intentional infliction of emotional distress survive, but the claimed damages may be recoverable, if proven.

¶10    While §77 limits survival to personal injury tort actions for which there is a physical injury, 15 V.I.C. § 601 expands the types of claims that by be pursued by or against a deceased's estate. § 601 states,

> Subject to the provisions of sections 76 and 77 of Title 5, cause of actions by one person against another, whether arising on contract or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter. When the cause of action survives, as herein provided, the executors or administrators may maintain an action thereon against the party against whom the cause of action accrued, or after his death, against his personal representatives.

*15 V.I.C. § 601.* § 601 clearly permits the survival of claims "arising on contract." The duty of good faith and fair dealing  is an implied covenant sounding in contract law. *Donovan v. A.H. Riise Gift Shop, Inc.,*  2018 WL 11290354, at *4 (V.I. Super. May 15, 2018).  Hence, Plaintiffs' claim for breach of the duty of good faith and fair dealing survives under § 601.

**Timeliness of the Motion to Substitute**

¶11    The Court next considers the timeliness of the objection to the Motion.  This requires a review of two provisions governing  the substitution of a party: *5 V.I.C. §78* and Rule 25(a) of the Virgin Islands Rules of Civil Procedure (*V.I. R. Civ. P. 25(a)).*  5 V.I.C. §78 provides that "[n]o action shall abate by the death or disability of a party or by the transfer of any interest therein, if the cause of action survives or continues." *5 V.I.C. § 78.* Personal injury or tort claims survive the death of a party. *See generally id.* § 77; *Augustin v. Hess Oil Virgin Islands Corp.,* 67 V.I. 488, 508 (Super. Ct. 2017). Hence, if a party dies while a case is pending, "the court may at any time within two years thereafter, on motion, allow the action to be continued by or against his personal representatives or successor in interest." *Id.* § 78.

¶12    The Virgin Islands Supreme Court promulgated a rule also regarding substitution. Rule 25 of the Virgin Islands Rules of Civil Procedure provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative ... [and] may be granted at any

Edward John, *et al.* v. HOVENSA, LLC., *et al.*
Case No. SX-2005-CV-00484
**MEMORANDUM OPINION and ORDER**
Page 5 of 10

Cite as 2024 VI Super 1U

time within two years after the death." *V.I. R. Civ. P. 25(a)(1). In re*, 2020 VI SUPER 53, ¶ 32. The two-year deadline is procedural, tantamount to a statute of limitations, and a party's failure to meet the deadline may warrant dismissal. See, *In Re: Deceased Plaintiffs et al, 73 V.I. 165, 2020 WL 2096427 (Super Ct 2020).*

¶13    Plaintiffs filed their Motion on December 9, 2021, over seven years after the death of Defendant Kari Evanko. This is clearly outside of the two-year window provided by 5 V.I.C. §78 and V.I. R. Civ. P. 25(a). Defendants filed an objection to the Motion within the calendar time permissible under the rules, after receiving an extension by the Court to respond. However, Plaintiffs argue that irrespective of timely compliance with the time provided in the rules, a party's lack of standing to object equates to a failure to timely object. This argument will be separately addressed, as it asks the Court to narrow a party's opportunity to object not just by the time provided in § 77, but to those litigants who are actual heirs or successors in interest to the deceased party's estate.

## HOVENSA's Standing to Object

¶14    Plaintiffs filed their Motion to substitute over seven years after Defendant Kari Evanko died. They maintain, however, that despite its lateness, the Motion is not "untimely" because no one with standing challenged the Motion. Their argument centers on 5 V.I.C. § 77, which is a claims-processing limitation rule "akin to a statute of limitations". See, *In re: Deceased Plaintiffs,* 2020 WL 2096427, at *1, 10-11, 16. Plaintiffs argue that, regardless of when the objection was filed, only Defendant John Evanko, who they have asked to be appointed the personal representative of the Estate of Kari Evanko, or an heir or successor in interest, is able to raise the claims-processing limitation defense under §77. They maintain that Defendant HOVENSA is not an heir or successor in interest to Kari Evanko's estate, and hence cannot properly object. Plaintiffs conclude that since no person with interest in the Estate of Kari Evanko has appeared or objected within the time permitted, any objection is waived. The Court disagrees.

¶15    Defendant HOVENSA has an interest in the Evankos remaining or removal as parties in this action. The basis for the claims and defenses raised by the parties confers upon HOVENSA an interest  that gives it standing. (HOVENSA's response to and handling of complaints by the Evankos of alleged defamatory statements by the Evankos against the Plaintiffs are the basis of the Plaintiffs' claims against the defendants.) In fact, in *In Re*, the Superior Court found that "the defendants", none of which were heirs or successors of interest in deceased parties' estate, but all of whom were corporate defendants, either did not waive any objection to timeliness or did timely object to the motions to substitute (*In re*, 2020 VI SUPER 53, ¶ 33. This finding recognizes the right of non-moving parties to object to a motion to substitute even though they may not be heirs or successors in interests to the deceased party's estate where the nonmoving party's interest in the case is tied to the deceased party's alleged conduct.

¶16    All arguments considered; the Court finds that HOVENSA timely objected. However, dismissal is not mandatory. *Metivier v. Lockheed Martin Corp.,* 2023 VI 4, ¶ 6. The Court must now consider whether the Plaintiffs' failure to move within two years is excusable for "good cause"

after first considering the Plaintiffs' argument that Defendants waived their right to challenge the timeliness of the Motion.

## <u>Plaintiffs' Motion to Substitute Survives For "Good Cause".</u>

¶17    Recently, the Supreme Court of the Virgin Islands, in *Metivier v. Lockheed Martin Corp.,* determined that the statute of limitation deadline stated in Rule 25 of the Virgin Islands Rules of Civil Procedure does not preclude the court from considering whether there is "good cause" to permit the tardy motion to substitute under Rule 6(b)(1) of the Virgin Islands Rules of Civil Procedure (*V.I. R. Civ. P. 6(b)(1)).  Metivier v. Lockheed Martin Corp.,* 2023 V.I. *4, ¶ 6. In so doing, the Court is bound to make appropriate findings and assign weight to all the relevant Rule 6(b)(1) factors[4], as the denial of a motion to substitute may result in the dismissal of the viable claims of a deceased party.  See, *Halliday v. Footlocker Specialty Inc.,* 53 V.I. 505, 511 (V.I. 2010).

¶18    Rule 6(b)(1) enumerates several factors that the Superior Court may consider in deciding whether to grant a request to extend the date for doing an act, including whether the request to extend time is made before or after the required date; the reason for the movant's delay; whether the reason for delay was within the reasonable control of the movant; the danger of prejudice to the parties; the length of the delay; the potential impact of the delay on judicial proceedings; whether the party seeking the extension has acted in good faith, and all other relevant circumstances surrounding the party's failure to meet the originally prescribed deadline. V.I. R. CIV. P. 6(b)(1); *Metivier v. Lockheed Martin Corp.,* 2023 VI 4, ¶ 16.

¶19    Plaintiffs' Motion was filed seven years after the death of Kari Evanko; yet Plaintiffs argue that their motion is not "untimely" and its tardy filing beyond its control.  This argument requires the Court to look at the legal representation of the parties throughout this litigation.  Plaintiffs blame the Defendants for their untimely filing for substitution, arguing that the challenge was waived because the knowledge of Defendant Kari Evanko's death should be imputed to defense counsel since defense counsel (through prior law firms) represented all Defendants up to and including the period of Kari Evanko's death.  The record does not support this argument.

¶20    The record shows that Attorney Beth Moss, of Bryant Barnes Moss & Beckstedt, LLP., entered an appearance in this matter and answered the First Amended Complaint on behalf of HOVENSA. Then, in November 2006, Beth Moss, Esq., filed an appearance and answered the First Amended Complaint on behalf of John Evanko and Kari Evanko on December 17, 2008, Attorney Linda J. Blair, of Bryant Barnes Moss Beckstedt & Blair LLP, initially substituted in for Defendant HOVENSA only.  Subsequent filings by Attorney Blair were on behalf of HOVENSA only.  However, on September 22, 2011, Attorney Blair signed a stipulation for extension of time on behalf of HOVENSA <u>and</u> the Evankos for the completion of mediation. Again, on February 28, 2012, Attorney Blair filed a Motion for Summary Judgment on behalf of HOVENSA and the Evankos.

¶21    After the death of Kari Evanko in 2014, on July 15, 2015, Sunshine Benoit, Esq., of Bryant Barnes & Benoit LLP, stipulated to substitute on behalf Attorney Linda Blair for all defendants. Subsequently, on September 18, 2015, Defendant HOVENSA filed Notice of Bankruptcy. Two

---

[4] *Id.*

Edward John, *et al.* v. HOVENSA, LLC., *et al.*
Case No. SX-2005-CV-00484
**MEMORANDUM OPINION and ORDER**
Page 7 of 10

Cite as 2024 VI Super 1U

years later, on February 13, 2017, Paul R. Neil, Esq., of Barnes & Benoit LLP[5], appeared and was permitted to substitute for Sunshine Benoit, Esq. For over three years, the firm of Barnes & Neil LLP[6] represented all defendants. Then on April 18, 2018, Carl Beckstedt Esq., of Beckstedt & Associates was permitted to substitute for Paul R. Neil, Esq., of Barnes & Neil, LLP for HOVENSA only. Attorney Beckstedt never appeared for the Evankos. Of record, Carl Beckstedt, Esq., is counsel for HOVENSA and Paul R. Neil, Esq., was the last known attorney for John Evanko and Kari Evanko. Hence, Plaintiffs' premise for claiming that HOVENSA's counsel, Carl Beckstedt, Esq., should have known of the death of Kari Evanko and given notice of the death is flawed because Attorney Beckstedt does not represent a successor firm to the Evankos attorneys, and did not at any point represent all three parties.

¶22    Moreover, a plaintiff is charged with prosecuting her case, and a failure to zealously do so may result in a dismissal. See, *Modeste v. Virgin Islands Police Dep't*, 2023 VI SUPER 21, ¶ 2 (Super. Ct. May 5, 2023). This duty to prosecute includes taking all actions necessary to move the case forward, even in the absence of a diligent defendant. As discussed earlier, John Evanko and Kari Evanko have not been active in this case since the briefing of their motion for summary judgment in 2012. For at least nine years, no attention was given to their absence from the case by any party. Even after the bankruptcy was lifted in 2017, Plaintiffs made no effort to ascertain the status of the Evankos in this matter, until recently when Plaintiffs investigated to determine the status of Kari Evanko. This lack of diligence has contributed to at least the most recent five-year delay, significantly slowing this judicial proceeding and adding to the congestion of the Court's calendar.

¶23    Nonetheless, the Court finds that there is good cause to permit the substitution. Since the filing of this matter in 2005, the parties appeared to have engaged in discovery and motion practice cooperatively and in good faith. There were several discovery motions for extension of time that were filed jointly (stipulations), three amendments to the pleadings, and substantial discovery activity. The record is void of court orders to which the parties did not comply and reflects the parties' diligence in moving the case along. This case involved multiple defendants and third-party claimant(s), some of which were resolved during the litigation. The first scheduling order was issued in February 2012. In compliance with the scheduling order, the parties filed their substantive motions(s) and responses. Subsequently, in August 2012, the Court required the filing of pretrial memorandums and proposed jury instructions. By October 2012, the hearings in the case were continued without date. The matter was reassigned four times to judges in the succeeding years, and counsel for the parties also changed several times. In 2015, HOVENSA filed for bankruptcy, which the Plaintiffs notified the Court in 2017 when the stay was lifted. Shortly thereafter, the Court takes notice that Hurricanes Irma and Maria substantially damaged the territory in September 2017 slowing the progressions of legal proceedings. Then the COVID-19 pandemic from 2019 to 2021 caused further delays. These unfortunate occurrences delayed the Court's docket and created challenges for the Court and counsel in the management of cases.

---

[5] Barnes &Benoit, LLP is the successor firm of Bryant, Barnes & Benoit LLP with the apparent difference being the change in the partner, "Bryant".
[6] Barnes & Neil, LLP is the successor firm of Barnes & Benoit, LLP, with the apparent difference being the change in the partner.

Edward John, *et al.* v. HOVENSA, LLC., *et al.*
Case No. SX-2005-CV-00484
**MEMORANDUM OPINION and ORDER**
Page 8 of 10

Cite as 2024 VI Super 1U

Hence, the Court finds that external factors beyond the parties' control played a contributing role in delaying this case to which the Court will give weight. While Plaintiff is at fault for not diligently prosecuting this matter after the stay was lifted in 2017, the Court recognizes several intervening occurrences also impaired the progression of this case.

¶24 In 2021, Plaintiffs were permitted to substitute a personal representative for deceased Plaintiff, John Edward, with the written consent of the proposed personal representative. Allowing a substitution for the Estate of Kari Evanko would set this matter on track for a trial order. Absent fault by any party that outweighs the intervening circumstance, no sanctions would be appropriate. Because neither dismissal nor sanctions are mandatory, *Metivier v. Lockheed Martin Corp.*, 2023 VI 4, ¶ 12 (Mar. 30, 2023), this Court will find "good cause" to permit this matter to proceed to a decision on its merits against Kari Evanko's estate through an appointed personal representative.

### John Evanko Is Not A Proper Party To Substitute For Kari Evanko, Deceased.

¶25 Pursuant to V.I.R. Civ. P. 25(a)(1), if a party dies and the claim is not extinguished, the court may order substitution of a "proper party". *Augustin v. Hess Oil Virgin Islands Corp.*, 67 V.I. @ 513. Exactly who is considered a "proper party", if not an executor or administrator, has garnered some attention by our courts when deciding whether the proposed personal representative should be appointed. *In Augustin v. Hess Oil Virgin Islands Corp.*, the Superior Court spent considerable time addressing its concerns and frustration with the appointment process for personal representatives who are substituting in a civil action. Citing to a Wyoming case, the *Augustin* Court echoed that 'the only test of who is appointed as personal representative… cannot simply be who first gets to the courthouse." 67 V.I. 488, 513, quoting, *in re: Estate of Johnson*, 231 P.3d 873, 881 (Wyo. 2010) The *Augustin* Court questioned whether the proper appointment depended on who was named in a will, whether there was a probate proceeding an how would the protections of the Virgin Islands probate laws be implemented to the benefit of the heirs and creditors, who are the lawful heirs and conflict of interest concerns. In the end, it opted to "wait and see" in the absence of guidance from our Supreme Court while it proceeded with appointing the recommended person.

¶26 This same approach was followed by the Superior Court in *Brown v. Lorillard, Inc.*, 2012 WL 12994998, at *1 (V.I. Super. Mar. 30, 2012). The *Brown* Court, in reviewing the substitution under the Federal Rules of Civil Procedure, concluded that to determine who is a "proper party", the Court must look to the parties' submissions and relevant case law. *Id.* Of course, the *Brown* case preceded the adoption of the Virgin Islands Rules of Civil Procedure, and the current interpretation of who would be a 'proper party' may be decided differently. This Court, however, considers the *Brown*'s Court's guidance to be on point, on whether John Evanko should be the personal representative for Kari Evanko.

¶27 The allegation in paragraph 6 of the Second Amended Complaint is that John Evanko and Kari Evanko were married at all times alleged. In its Answer to the Second Amended Complaint, HOVENSA admitted the allegation that the parties were married at all times alleged but had "no

Edward John, *et al.* v. HOVENSA, LLC., *et al.*
Case No. SX-2005-CV-00484
**MEMORANDUM OPINION and ORDER**
Page 9 of 10

Cite as 2024 VI Super 1U

knowledge and information sufficient to inform a belief as to whether Kari Evanko is deceased".[7] However, the determinative factor is the legal relationship of the parties at the time Kari Evanko died. That legal relationship would at least assist with determining whether John Evanko was an heir-at-law. Upon review of the record and filings, the Court can find no information on the legal relationship of John Evanko to Kari Evanko when she died. The record is also absent of information to establish that John Evanko is a successor in interest to Kari Evanko, or that there are no competing interests between Kari Evanko and John Evanko that would make him a proper party. Further, as a party defendant in this case, John Evanko has not been actively involved in the litigation since the filing of his 2012 motion for summary judgment. Appointing John Evanko, the personal representative, when he has been absent from the case[8], and has not consented, may only further delay the case.

¶28    The Court will require that a different proffer of a "proper person" be presented to the Court for substitution as the personal representative of Kari Evanko's interests in this matter be presented to the Court. This "proper person" may be the executor or administrator, if any, of Kari Evanko's Estate or an heir or successor in interest to her estate. It can also be a neutral third party. "While the executor of the decedent's estate is typically substituted for the deceased party, where the decedent's ex-spouse is the executrix, appointing a disinterested third party to represent the interests of the estate may be appropriate to avoid an appearance of impropriety." *(citation omitted)* *V.F. v. L.F.*, 74 Misc. 3d 825, 828, 164 N.Y.S.3d 790, 793 (N.Y. Sup. Ct. 2022).

## CONCLUSION

¶29    Plaintiffs filed an untimely motion to substitute and Defendant HOVENSA timely objected. Nonetheless, the Court finds that Plaintiffs have shown "good cause" for the substitution and hence, substitution will be permitted. However, John Evanko is not a proper person to be substituted as the representative for the Estate of Kari Evanko.

**ACCORDINGLY**, it is hereby,

**ORDERED** that Plaintiffs' untimely Motion to Appoint John Evanko as the Personal Representative of the Estate of Kari Evanko is **ACCEPTED** for good cause; and it is further,

**ORDERED** that the Plaintiffs' Motion to Appoint John Evanko as the Personal Representative of the Estate of Kari Evanko is **GRANTED IN PART** and **DENIED IN PART**; and it is further,

---

[7] See, HOVENSA's December 10, 2021, Answer to the Second Amended Complaint.
[8] As the Court earlier indicated, the record shows Paul R. Neil, Esq., of Barnes & Neil, LLP as the last attorney of record for John Evanko. However, Attorney Neil has not appeared at any scheduled hearings since 2013 nor filed any responsive documents to the flings of the other parties. No other attorney has appeared for John Evanko.

Cite as 2024 VI Super 1U

**ORDERED** that Plaintiffs' Motion to Appoint John Evanko as the Personal Representative of the Estate of Kari Evanko is **DENIED**; and it is further,

**ORDERED** that **within forty-five (45) days of the date of entry of this Order**, Plaintiffs shall submit to the Court a proper party for substitution in compliance with Rule 25(a) of the Virgin Islands Rules of Civil Procedure; and it is further,

**ORDERED** that a copy of this order be served to all parties of record.

**DONE AND SO ORDERED** this 9th day January, 2024.

**HON. YVETTE ROSS-EDWARDS**
Judge of the Superior Court

A T T E S T:

**TAMARA CHARLES**
Clerk of the Court

By: _____
Court Clerk
Dated: _____01/09/2024_____

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
January 09, 2024 03:03 PM
SX-2005-CV-00484
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**Edward John et al,**
        **Plaintiff**

**v.**

**HOVENSA L.L.C et al,**
        **Defendant.**

Case Number: **SX-2005-CV-00484**
Action: **Damages**

## NOTICE of ENTRY
## of
## <u>ORDER</u>

**To:** Lee J. Rohn, Esq.

Carl A. Beckstedt, III, Esq.

**Please take notice that on January 09, 2024**
a(n) _____ **Memorandum Opinion and Order** _____
dated _____ **January 09, 2024** _____ was/were entered
by the Clerk in the above-titled matter.

**Dated:** **January 09, 2024** _____

**Tamara Charles**
_____
**Clerk of the Court**

By: _____

_____
**Tisha Laurencin**
**Court Clerk II**